[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. O'Malley*, Slip Opinion No. 2025-Ohio-1855.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1855

THE STATE EX REL. WARE *v*. O'MALLEY, PROS. ATTY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. O'Malley*, Slip Opinion No. 2025-Ohio-1855.]**

*Mandamus—Public-records requests—R.C. 149.43—Personnel files and payroll records of prosecutor and assistant prosecutors and list of cases assigned to an assistant prosecutor, if such a list exists, improperly withheld from inmate by prosecutor's office under R.C. 149.43(B)(8), because those records did not concern a criminal investigation or prosecution—Limited writ granted, statutory damages denied as to all but request for list of cases, damages, if any, for which will be determined after compliance with limited writ, and court costs awarded.*

(No. 2024-0514—Submitted January 7, 2025—Decided May 27, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, BRUNNER, HAWKINS,

and SHANAHAN, JJ. KENNEDY, C.J., concurred in part and dissented in part, with an opinion. DETERS, J., concurred in part and dissented in part, with an opinion joined by DEWINE, J.

**Per Curiam.**

{¶ 1} Between September and December 2023, relator Kimani E. Ware sent eight public-records requests to respondent, Cuyahoga County Prosecuting Attorney Michael C. O'Malley, seeking 21 categories of records, including the personnel files and payroll records of O'Malley and two assistant prosecuting attorneys. O'Malley did not provide any of the requested records, raising various challenges to the propriety of Ware's requests, including that the requested records concerning O'Malley and the assistant prosecuting attorneys necessarily concern criminal prosecutions within the meaning of R.C. 149.43(B)(8)[1] and that Ware— an incarcerated inmate—therefore needed to comply with that provision of the Public Records Act, R.C. 149.43, before he was entitled to the records.

{¶ 2} Ware filed this action, seeking a writ of mandamus ordering production of the records, statutory damages, and court costs. We grant a limited writ as to seven of the requests and deny the writ as to two of the requests. We award Ware his court costs but defer the determination of statutory damages, if any, until O'Malley has complied with our limited writ.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} Ware filed this action in April 2024, seeking a writ of mandamus ordering O'Malley to produce records that Ware requested in multiple public-records requests that he sent between September 21 and December 13, 2023. In all,

---

1. All references in this opinion to R.C. 149.43 refer to the statutory language in effect when Ware made his public-records requests and when he filed this original action. Although the statute has been amended since then, the language relevant to this case remained unchanged. *See* 2022 Am.Sub.H.B. No. 45 (effective Apr. 7, 2023); 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

Ware requested 21 categories of records. We previously granted in part O'Malley's motion for judgment on the pleadings, so now, nine records requests remain at issue. 2024-Ohio-2781. The facts below focus on those nine requests.

### A. Personnel File of Assistant Prosecuting Attorney Perk

{¶ 4} In September 2023, Ware sent by certified mail a public-records request to O'Malley's office, seeking the personnel file of Assistant Prosecuting Attorney Kelli K. Perk. O'Malley denied the request in October 2023.

{¶ 5} In his denial letter, O'Malley contended that Perk's personnel file "concerns various investigations and/or prosecutions conducted by the [prosecutor's office]." Accordingly, O'Malley opined that Ware, who is an inmate, needed to first obtain a finding from his sentencing judge (or the judge's successor) that the requested records are "necessary to support what appears to be a justiciable claim," as required by R.C. 149.43(B)(8). Thus, O'Malley informed Ware that he could not provide Perk's personnel file unless Ware could show that he had obtained the finding required by R.C. 149.43(B)(8).

### B. List of Cases Assigned to Assistant Prosecuting Attorney Williamson

{¶ 6} Also in September 2023, Ware sent another public-records request to O'Malley by certified mail. He requested a list of cases assigned by O'Malley's office to Assistant Prosecuting Attorney Lisa Reitz Williamson in 1999.

{¶ 7} O'Malley denied Ware's request for the case list on the basis that Ware had not obtained the judicial finding necessary under R.C. 149.43(B)(8). Since Williamson served as an assistant prosecuting attorney, O'Malley contended, any "list of cases"—assuming that one existed—"would directly concern criminal prosecutions," thereby bringing such record into the purview of R.C. 149.43(B)(8).

### C. Payroll Records of Perk

{¶ 8} In October 2023, Ware mailed a public-records request to O'Malley by certified mail, requesting a copy of Perk's payroll records from January 1, 2023,

through September 20, 2023. O'Malley denied the request on the basis that Ware had not complied with R.C. 149.43(B)(8).

### D. "Invoice/Pay Stub" of Assistant Prosecuting Attorney Van

{¶ 9} Also in October 2023, Ware mailed another request to O'Malley by certified mail, seeking a copy of "the invoice/pay stub for the number of hours worked" by Assistant Prosecuting Attorney Daniel T. Van in "case no. 110391." Similarly, Ware mailed another request later in October 2023, seeking "the invoice or pay record/pay stub of the number of hours that Daniel T. Van worked on case no. 112042."

{¶ 10} O'Malley responded, stating that there were no records responsive to Ware's requests for an "invoice" or "pay stub" specific to Van's work in case No. 110391 or 112042. In addition, O'Malley noted that the cases referenced in Ware's request were appeals from criminal convictions in two cases. Accordingly, O'Malley also denied Ware's requests because Ware had not complied with R.C. 149.43(B)(8).

### E. Personnel File and Payroll Records of
### Assistant Prosecuting Attorney Ochocki

{¶ 11} In November 2023, Ware mailed another records request to O'Malley by certified mail. Ware requested a copy of the personnel file of Assistant Prosecuting Attorney Gregory Ochocki and a copy of Ochocki's payroll records from March 1, 2021, through November 3, 2023.

{¶ 12} Because Ochocki is an assistant prosecuting attorney who handles criminal appeals and postconviction matters, O'Malley responded to the request by stating that he considered these requests to be for "records concerning criminal prosecutions and investigations." Accordingly, O'Malley stated that Ware was not entitled to the records, because he had not first obtained the judicial finding required by R.C. 149.43(B)(8).

### F. Personnel File and Payroll Records of O'Malley

{¶ 13} In December 2023, Ware sent the final records request at issue by certified mail to O'Malley. Ware requested copies of O'Malley's personnel file and his payroll records from January 1, 2023, through November 13, 2023.

{¶ 14} O'Malley responded to the request. He noted that as the elected prosecuting attorney for Cuyahoga County, his duties include inquiry into the commission of crimes and the prosecution of alleged offenders. Accordingly, he took the position that Ware was not entitled to the requested records until he first obtained a finding under R.C. 149.43(B)(8).[2]

### G. Ware Files this Action

{¶ 15} Ware filed this action in April 2024, seeking a writ of mandamus ordering O'Malley to produce all the records he requested and for an award of statutory damages and court costs. O'Malley filed an answer and a motion for judgment on the pleadings.

{¶ 16} As noted above, we granted O'Malley's motion in part, 2024-Ohio-2781. However, we denied the motion and granted an alternative writ as to Ware's requests for the following records:

- Personnel files of Perk, Ochocki, and O'Malley (request Nos. 4, 18, and 20);

- Payroll records of Perk, Ochocki, and O'Malley (request Nos. 12, 17, and 21);

- Itemized pay stubs related to work performed by Van in two cases (request Nos. 13 and 15); and

- A list of cases assigned to Williamson in 1999 (request No. 8).

---

2. In addition, O'Malley observed that Ware's request for payroll records was vague. He asked Ware to clarify the request, noting that the term "payroll records" is broad and could encompass records that are not kept by his office. O'Malley, however, does not raise the vagueness issue in his merit brief here, so we do not address it.

*See id.*[3]

## II. ANALYSIS

{¶ 17} Mandamus is an appropriate remedy to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b). To obtain a writ of mandamus under the Public Records Act, Ware must show that he has a clear legal right to the records he requested and that O'Malley has a corresponding clear legal duty to provide them. *State ex rel. Ellis v. Maple Hts. Police Dept.*, 2019-Ohio-4137, ¶ 5. Exceptions to disclosure are strictly construed against the public office, which has the burden to establish the applicability of an exception. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 23.

### A. Applicability of R.C. 149.43(B)(8)

{¶ 18} O'Malley relies on R.C. 149.43(B)(8) to support the denial of seven of the nine requests that remain at issue. O'Malley argues that Ware cannot show that he has a clear legal right to the records or that O'Malley has a clear legal duty to provide them, because R.C. 149.43(B)(8) limits an incarcerated person's right to obtain records that concern a criminal investigation or prosecution. R.C. 149.43(B)(8) states:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction . . . to obtain a copy of any public record *concerning a criminal investigation or prosecution . . .* unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring

---

3. After the parties completed their briefing in this case, we declared Ware a vexatious litigator under Rule 4.03(B) and prohibited him "from continuing or instituting legal proceedings in this court without first obtaining leave," *State ex rel. Ware v. Vigluicci*, 2024-Ohio-4997. Ware, however, did not need to request leave to continue this case under Rule 4.03(B). By the time we declared him to be a vexatious litigator in *Vigluicci*, this case was already pending and all filings had been received. Ware has filed no additional documents in this case that would necessitate leave.

information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

(Emphasis added.)

{¶ 19} This court has described R.C. 149.43(B)(8) as "broad and encompassing" and as "clearly set[ting] forth heightened requirements for *inmates* seeking public records." (Emphasis in original.) *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 14 (addressing former R.C. 149.43(B)(4), now codified at (B)(8)). In *Russell*, this court held that the statute barred an inmate from obtaining offense and incident reports, which were otherwise public records, because the inmate had not first obtained a finding from his sentencing judge that the records were necessary to support a justiciable claim. *Id.* at ¶ 4, 16.

### 1. Personnel Files

{¶ 20} Ware seeks the personnel files of Perk, Ochocki, and O'Malley. We recently addressed whether R.C. 149.43(B)(8) applies to the personnel file of an assistant prosecuting attorney. *See State ex rel. Ware v. O'Malley*, 2024-Ohio-5242, ¶ 8-13. In that case, we found that a personnel file of an assistant prosecuting attorney could not be fairly categorized as relating to the investigation or prosecution of a criminal matter. *Id.* at ¶ 12. We therefore granted a limited writ of mandamus ordering O'Malley to produce the assistant prosecuting attorney's personnel file, subject to proper redactions authorized by law, e.g., sensitive personal information about the employee that does not document the organization or function of the agency. *Id.* at ¶ 18, 23.

**{¶ 21}** Our decision in *O'Malley* dictates the same result in this case. The personnel files Ware seeks in this case were not properly withheld in their entirety under R.C. 149.43(B)(8). We therefore grant a limited writ of mandamus ordering O'Malley to produce the personnel files sought in request Nos. 4, 18, and 20, subject to proper redactions authorized by law.

*2. Payroll Records*

**{¶ 22}** Our recent decision in *O'Malley* also informs the decision with respect to the payroll records Ware seeks. In this case, O'Malley's sole argument for withholding these records from Ware is his view that Ware had to first obtain the judicial finding required by R.C. 149.43(B)(8). For the same reasons that we reject O'Malley's argument as to personnel files, we reject it as to payroll records.

**{¶ 23}** O'Malley bears the burden of showing that R.C. 149.43(B)(8) applies to the payroll records requested in this case. *See State ex rel. Ware v. Parikh*, 2023-Ohio-759, ¶ 12. He has not met that burden in this case. O'Malley does not describe the contents of the "payroll records" Ware requested. Rather, he relies solely on his status as prosecuting attorney and on Perk's and Ochocki's status as assistant prosecuting attorneys as the basis for his assertion that such records fall within the purview of R.C. 149.43(B)(8). Because it is the job of prosecuting attorneys to investigate and prosecute crimes, O'Malley argues, any payroll records pertaining to them necessarily "relate to" a criminal prosecution.

**{¶ 24}** We rejected a similar argument in *O'Malley*, 2024-Ohio-5242. Even if we were to assume that some of the requested payroll records contain information that falls within the scope of R.C. 149.43(B)(8)—an assumption for which O'Malley provides no evidentiary support in this case—O'Malley would not be allowed to deny Ware's *entire* request. *O'Malley* at ¶ 13; *see also State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 2021-Ohio-4487, ¶ 14-15. "The plain language of R.C. 149.43(B)(8) 'excuses a public office or official from having to provide a *record* when it relates to a criminal proceeding,' but it 'does not create a blanket rule that an

office or official may disregard an entire *request* when a portion thereof is subject to the prerelease approval of the sentencing judge.'" (Emphasis added in *Ellis*.) *O'Malley* at ¶ 13, quoting *Ellis* at ¶ 15. Accordingly, we grant a limited writ of mandamus ordering O'Malley to produce the payroll records requested in request Nos. 12, 17, and 21, subject to proper redactions authorized by law.

*3. Case List*

{¶ 25} Ware asked for a list of the cases assigned by the prosecutor's office to Assistant Prosecuting Attorney Williamson in 1999. Without conceding that such a list exists, O'Malley responded that the list would necessarily fall under R.C. 149.43(B)(8) because it "would directly concern criminal prosecutions." O'Malley takes the same approach in his merit brief. Though he does not concede that such a list exists, he argues that such a list would necessarily relate to criminal prosecutions because Williamson handled matters relating to criminal prosecutions as part of her duties.

{¶ 26} O'Malley has not satisfied his burden of showing that R.C. 149.43(B)(8) applies to Ware's request for a case list. He does not meaningfully analyze whether a list of cases handled by Williamson in 1999 falls within the scope of records that concern a criminal investigation or prosecution. *See Parikh*, 2023-Ohio-759, at ¶ 12 (holding that the respondent failed to show that R.C. 149.43(B)(8) applied when he relied on the statute "without meaningfully analyzing" whether the records concerned a criminal investigation or prosecution). It is not self-evident that a mere list of cases handled by an assistant prosecuting attorney is a record "concerning a criminal investigation or prosecution" within the meaning of R.C. 149.43(B)(8). Moreover, the evidence submitted by O'Malley establishes only that Williamson handled "a variety of matters" in 1999, "including, but not limited to, criminal and appellate matters." Thus, O'Malley's evidence falls short of establishing that a list of Williamson's cases from 1999, if such a list exists, would necessarily encompass only criminal cases.

**{¶ 27}** For these reasons, we grant a limited writ of mandamus as to the case list sought in request No. 8, ordering O'Malley to produce a responsive record or to certify that no such record exists. *See, e.g.*, *State ex rel. Barr v. Wesson*, 2023-Ohio-3645, ¶ 15; *State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177, ¶ 43.

### B. No Duty to Produce Nonexistent Records

**{¶ 28}** In response to Ware's requests for invoices or pay stubs for the work of Assistant Prosecuting Attorney Van specific to two cases, O'Malley responded that there were no responsive records. In support of this response, he has submitted the affidavit of his office's finance director, who attests: "The Cuyahoga County Prosecutor's Office does not create or maintain invoices documenting the time Assistant Prosecuting Attorney(s) spend working on a specific case."

**{¶ 29}** "When a public office attests that it does not have responsive records, the relator in a public-records mandamus case bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office." *State ex rel. Culgan v. Jefferson Cty. Pros. Atty.*, 2024-Ohio-4715, ¶ 13. Ware offers no such proof in this case. Accordingly, we deny the writ as to request Nos. 13 and 15.

### C. Statutory Damages

**{¶ 30}** Ware also seeks statutory damages under R.C. 149.43(C)(2).[4] A public-records requester may obtain statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation [under R.C. 149.43(B)]." R.C. 149.43(C)(2). To be entitled to statutory

---

4. Effective April 9, 2025, the Public Records Act was amended such that a person committed to the custody of the Department of Rehabilitation and Correction is no longer eligible to receive an award of statutory damages under R.C. 149.43(C). 2024 Sub.H.B. No. 265. But as noted in footnote 1, we apply the statutory language that was in effect when Ware made his public-records requests and filed this original action.

damages, Ware must establish by clear and convincing evidence that he sent his public-records requests to O'Malley by certified mail and that O'Malley failed to produce the records within a reasonable time. *See State ex rel. McDougald v. Greene*, 2020-Ohio-3686, ¶ 13-14. Statutory damages accrue at $100 for each business day that the public office failed to comply with R.C. 149.43(B), starting with the day the mandamus action was filed, up to a maximum of $1,000. R.C. 149.43(C)(2).

{¶ 31} There is no dispute that Ware sent the public-records requests at issue by certified mail or that O'Malley has not, to date, provided records in response to the requests. Under R.C. 149.43(C)(2), however, we may reduce or deny statutory damages if we determine that (1) based on the law as it existed at the time of the request, a well-informed person responsible for the public records reasonably would have believed that R.C. 149.43(B) did not require their disclosure and (2) a well-informed person responsible for the records reasonably would have believed that withholding the records would serve the public policy that underlies the authority asserted for withholding the records. *State ex rel. Harm Reduction Ohio v. OneOhio Recovery Found.*, 2023-Ohio-1547, ¶ 38.

{¶ 32} Even though we grant a limited writ as to Ware's requests for payroll records and personnel files, we deny his requests for statutory damages as to those requests. In *O'Malley*, 2024-Ohio-5242, we denied Ware's request for statutory damages despite granting a limited writ of mandamus ordering O'Malley to produce the personnel file of an assistant prosecuting attorney. *Id.* at ¶ 21, 23. We found that O'Malley "arguably had legal support" for denying Ware's request in that case because he invoked *State ex rel. Bozsik v. Medina Cty. Sheriff's Office*, 2019-Ohio-3969 (9th Dist.), which had dismissed an inmate's public-records mandamus claim seeking production of a sheriff detective's personnel file, *O'Malley* at ¶ 14, 21. Even though we rejected *Bozsik* as persuasive authority on the applicability of the R.C. 149.43(B)(8) exception, we found that O'Malley had reasonably relied on *Bozsik* as support for denying Ware's public-records request. *O'Malley* at ¶ 15, 21.

{¶ 33} O'Malley also cites *Bozsik* as authority in this case to support his withholding of personnel files and payroll records. The briefs in this case were submitted before we issued our decision in *O'Malley* rejecting *Bozsik*'s reasoning. Accordingly, we deny Ware's request that we award statutory damages for O'Malley's failure to provide the payroll records and personnel files.

{¶ 34} It is premature, however, to determine whether an award of statutory damages is appropriate for O'Malley's failure to provide the list of Williamson's cases. Accordingly, we defer our final determination of statutory damages, if any, until O'Malley has complied with the limited writ.

## D. Court Costs

{¶ 35} Ware also seeks an award of court costs. Ware did not file an affidavit of indigence and states that he incurred court costs of $200 for filing this action.

{¶ 36} We grant this request. Because Ware is entitled to a limited writ of mandamus ordering O'Malley to produce records responsive to several of his requests as set forth above, subject to redactions allowed by law, an award of costs is mandatory under R.C. 149.43(C)(3)(a)(i). *State ex rel. Hicks v. Fraley*, 2021-Ohio-2724, ¶ 25.

## III. CONCLUSION

{¶ 37} For the foregoing reasons, we grant a limited writ of mandamus ordering O'Malley to produce the personnel files and payroll records responsive to request Nos. 4, 12, 17, 18, 20, and 21, subject to proper redactions authorized by law. We also grant a limited writ ordering O'Malley to produce the case list responsive to request No. 8 or to certify that no such records exist. We deny the writ as to the pay-stub records sought in request Nos. 13 and 15. As to statutory damages, we deny them as to all except request No. 8. As to request No. 8, we defer the determination of statutory damages, if any, until O'Malley has complied with the limited writ as to that request. We award Ware $200 for his court costs.

Limited writ granted.

12

_____

**KENNEDY, C.J., concurring in part and dissenting in part.**

{¶ 38} I concur in the court's judgment, with one exception. I disagree with the majority's decision to deny relator, Kimani E. Ware, an award of statutory damages for the public-records requests seeking personnel files and payroll records that he sent to respondent, Cuyahoga County Prosecuting Attorney Michael C. O'Malley. I would award Ware statutory damages in the amount of $4,000 for the following four public-records-request transmissions: (1) the September 2023 request that sought the personnel file of Assistant Prosecuting Attorney Kelli K. Perk, (2) the October 2023 request that sought the payroll records of Perk, (3) the November 2023 request that sought the personnel file and payroll records of Assistant Prosecuting Attorney Gregory Ochocki, and (4) the December 2023 request that sought the personnel file and payroll records of O'Malley. These requests were improperly denied, and the majority errs in holding that Ware is not entitled to statutory damages because O'Malley had a reasonable basis for denying the requests. Accordingly, I concur in part and dissent in part.

{¶ 39} To be entitled to an award of statutory damages, a public-records requester need only show that the public office or person responsible for the requested public records failed to comply with an obligation under R.C. 149.43(B) after the requester transmitted a written and fairly-described request by hand delivery, electronic submission, or certified mail. R.C. 149.43(C)(2).[5]

{¶ 40} In this case, it is undisputed that Ware sent his public-records requests by certified mail and that O'Malley has not, to date, provided records responsive to the requests. The majority does not find that O'Malley complied with

_____

5. All references in this opinion to R.C. 149.43(C) refer to the statutory language in effect when Ware made his public-records requests and when he filed this original action. Although the statute has been amended since then, the language relevant to this case remained unchanged. *See* 2022 Am.Sub.H.B. No. 45 (effective Apr. 7, 2023); 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

the requirements of R.C. 149.43(B).  Rather, the majority denies Ware an award of statutory damages under R.C. 149.43(C)(2).  That division of the statute allows a court to reduce or deny an award of statutory damages if the court determines that based on the law at the time of the request, a well-informed public office or person responsible for public records would have reasonably believed that the law did not require the disclosure of the requested public record and that withholding the record would serve the public policy underlying the authority asserted in denying the request.  *State ex rel. Harm Reduction Ohio v. OneOhio Recovery Found.*, 2023-Ohio-1547, ¶ 38.

{¶ **41**} However, the majority's determination that O'Malley was justified in withholding the personnel files and payroll records under R.C. 149.43(C)(2) is contrary to the law and the facts of this case.

{¶ **42**} First, the majority relies on this court's prior holding in *State ex rel. Ware v. O'Malley*, 2024-Ohio-5242, to conclude that the denial of statutory damages for the personnel-file requests is appropriate.  *See* majority opinion, ¶ 32-33.  But no well-informed public office or person responsible for public records would reasonably believe that a prosecuting attorney's personnel files are criminal-prosecution or criminal-investigation records that are exempt from production to Ware under R.C. 149.43(B)(8).  *See O'Malley* at ¶ 30-33 (Kennedy, C.J., concurring in part and dissenting in part).

{¶ **43**} R.C. 149.43(B)(8) provides that a public office or person responsible for public records is not required to produce records to an incarcerated person if the public record concerns a criminal investigation or prosecution, absent approval from the incarcerated person's sentencing judge.  The mere fact that a personnel file is for a *prosecuting* attorney, however, does not mean that the record concerns a criminal prosecution or investigation for the purpose of R.C. 149.43(B)(8)'s exception.  Relevant here, public records concern a criminal prosecution only when the records are related to the proceedings in which an accused has been tried for a

crime. *See State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 41, citing *State ex rel. Keller v. Cox*, 1999-Ohio-264, ¶ 11. The State does not use a prosecuting attorney's personnel file when litigating a criminal case. Hence, prosecuting-attorney personnel files are plainly public records that are not exempt from disclosure under R.C. 149.43(B)(8). The majority's determination that a well-informed public office or person responsible for the records would reasonably believe otherwise is unfounded. A denial of statutory damages is unwarranted for the personnel-file requests.

{¶ 44} Second, the majority does not provide *any* rationale in determining that statutory damages should be denied for the payroll-record requests. While the majority's denial of statutory damages for the personnel files relies on *O'Malley*, 2024-Ohio-5242, no statute or caselaw is provided for justifying the denial of statutory damages for the payroll records. R.C. 149.43(C)(2) does not permit courts to simply deny requests for statutory damages at their whim. The General Assembly created a two-part test by which a court can determine whether a reduction or denial of statutory damages is merited. *See* R.C. 149.43(C)(2)(a) and (b). And only when both statutory requirements are satisfied may a court deny an otherwise valid request for an award.

{¶ 45} Yet this court continues to deny requests for statutory damages without applying the requirements of R.C. 149.43(C)(2)(a) and (b). *See generally O'Malley*, 2024-Ohio-5242, at ¶ 24-38 (Kennedy, C.J., concurring in part and dissenting in part); *State ex rel. Culgan v. Jefferson Cty. Clerk of Courts*, 2024-Ohio-5699, ¶ 32-40 (Kennedy, C.J., concurring in part and dissenting in part). And in this case, the majority's denial of statutory damages for the payroll-record requests is unsubstantiated and in contravention with the statutory requirements of R.C. 149.43(C)(2). No determination has been made in accordance with the statute to warrant a denial of statutory damages for the payroll-record requests.

**{¶ 46}** For the foregoing reasons, the majority errs in denying Ware statutory damages for the public-records requests seeking personnel files and payroll records. Therefore, I concur in part and dissent in part and would award Ware statutory damages in the amount of $4,000 pursuant to R.C. 149.43(C)(2).

_____

**DETERS, J., joined by DEWINE, J., concurring in part and dissenting in part.**

**{¶ 47}** I concur in the court's judgment with respect to all but one of Kimani E. Ware's record requests—request No. 8. The court grants a limited writ ordering Cuyahoga County Prosecuting Attorney Michael C. O'Malley to produce the list of cases assigned to Assistant Prosecuting Attorney Lisa Williamson in 1999 or to certify that such a record does not exist. Such a case list would, however, fall under R.C. 149.43(B)(8)'s heightened requirements for inmates seeking public records "concerning a criminal investigation or prosecution."[6] Ware was required by the Public Records Act, R.C. 149.43, to obtain a finding from his sentencing judge that "the information sought in the public record is necessary to support what appears to be a justiciable claim," R.C. 149.43(B)(8), before O'Malley was required to provide the requested record. Because Ware did not do so, he does not have a clear legal right to the list, and therefore a limited writ is not warranted. Thus, I respectfully dissent in part.

**{¶ 48}** In request No. 8, Ware asked O'Malley to provide "a list of cases that Lisa Reitz Williamson [had] been assigned to by Cuyahoga County Prosecutor office for the year 1999." O'Malley argues that Williamson's case list (if one exists) falls under R.C. 149.43(B)(8)'s exception to disclosure because it relates to

---

6. All references in this opinion to R.C. 149.43(C) refer to the statutory language in effect when Ware made his public-records requests and when he filed this original action. Although the statute has been amended since then, the language relevant to this case remained unchanged. *See* 2022 Am.Sub.H.B. No. 45 (effective Apr. 7, 2023); 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

criminal prosecutions handled by Williamson and that Ware did not satisfy R.C. 149.43(B)(8)'s heightened disclosure requirements. The majority holds that O'Malley has not met his burden to show that the exception applies, because O'Malley has "not meaningfully analyze[d]" whether Williamson's case list concerns a criminal investigation or prosecution and "[i]t is not self-evident" that Williamson's case list concerns a criminal investigation or prosecution. Majority opinion, ¶ 26. I disagree. O'Malley has met his burden because he argued that division (B)(8) applies and provided evidentiary support, and Ware has failed to argue otherwise.

{¶ 49} Unlike exceptions to the Public Records Act that carve certain documents or information from the definition of "public record," division (B)(8) "restrict[s] a convicted inmate's unlimited access to public records," *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 14.[7] Before a public-records holder is required to produce a public record concerning a criminal prosecution to an inmate, the inmate must obtain a judicial finding that information in the requested record "is necessary to support what appears to be a justiciable claim of the person." R.C. 149.43(B)(8). Despite this court's describing R.C. 149.43(B)(8) as "clearly set[ting] forth heightened requirements for *inmates* seeking public records" (emphasis in original), *Russell* at ¶ 14, this court has placed the burden on the public-records holder to show that the heightened requirement applies, *State ex rel. Ware v. Parikh*, 2023-Ohio-759, ¶ 12.

{¶ 50} To come within R.C. 149.43(B)(8)'s reach, a public record must "concern" a "criminal investigation or prosecution." "Concern," as used in the statute, means "to relate or refer to." *Webster's Third New International Dictionary* (2002). It is a broad term. *See, e.g.*, *Lamar, Archer & Cofrin, L.L.P. v. Appling*, 584 U.S. 709, 717-718 (2018) (observing that when a statute uses the phrase

---

7. The language in R.C. 149.43(B)(8) being discussed in this case was codified in R.C. 149.43(B)(4) during the relevant time in *Russell*. *See id.* at ¶ 12-13.

"relating to," or a word with a similar meaning, the United States Supreme Court "has typically read the relevant text expansively"). Nothing in R.C. 149.43(B)(8) limits its breadth to records that relate to an investigation or prosecution in a particular way, such as records that were used by the State while investigating or prosecuting a crime or that were filed or admitted into evidence in a criminal prosecution. Thus, O'Malley is required to show only that request No. 8 seeks records that broadly relate to a criminal investigation or prosecution.

{¶ 51} O'Malley has met his burden. Contrary to the majority's insistence that he failed to "meaningfully analyze" whether division (B)(8) applies, majority opinion at ¶ 26, O'Malley raised the exception and explained why it applies: because Williamson handled matters related to criminal prosecutions, her case-assignment list concerns or relates to a criminal prosecution. O'Malley also offered evidentiary materials supporting his argument that Williamson's case list, to the extent that one exists, concerns criminal prosecutions. In a sworn statement, Assistant Prosecuting Attorney Patrick Lipaj averred that "Williamson had handled a variety of matters that directly concerned criminal prosecutions." And a sworn statement from Jason Sobczyk, the human-resources director for O'Malley's office, states that Williamson handled criminal and appellate matters, among other types of cases, during the relevant time and that "several of Williamson's matters . . . involved or related to criminal prosecutions." A list identifying the criminal prosecutions assigned to an assistant prosecuting attorney self-evidently refers to— and thus relates to and concerns—the prosecutions included on the list.

{¶ 52} Contrary to the majority's view, O'Malley did not need to establish that the case list would "encompass only criminal cases," *id.*, to show that R.C. 149.43(B)(8) applied. The exception in R.C. 149.43(B)(8) applies to records as a whole, not to particular information within records. This is evident from the distinction that R.C. 149.43(B)(8) draws between a public record and the information contained within a public record. Division (B)(8) uses the phrase

"public record" to describe *what* comes within the bounds of its heightened disclosure requirements. *Id.* Then, the division distinguishes information contained within a record from the record itself by stating that a public office is not required to give an inmate access to the public record unless the inmate's sentencing judge has found that "the *information* sought in the public record is necessary to support what appears to be a justiciable claim of the person." (Emphasis added.) *Id*. Similar distinctions between a "record" and the information contained within a record are found throughout the text of R.C. 149.43. *Compare* R.C. 149.43(A)(1)(d) (excepting "[r]ecords pertaining to adoption proceedings" from the definition of "public record") *with* R.C. 149.43(A)(1)(e) (excepting "information in a record contained in the putative father registry" from the definition of "public record").

{¶ 53} The General Assembly's use of "certain language in the one instance and wholly different language in the other" suggests that "different results were intended," *Metro. Securities Co. v. Warren State Bank*, 117 Ohio St. 69, 76 (1927). Such is the case here. The General Assembly's extension of R.C. 149.43(B)(8) to "public records" that concern criminal investigations or prosecutions rather than just certain information within the record means that an entire record may be withheld unless an inmate has complied with the exception's requirements.

{¶ 54} Notably, Ware did not make the argument that O'Malley had to establish that Williamson's case list would "encompass only criminal cases," majority opinion at ¶ 26. In fact, he did little to respond to O'Malley's claim that R.C. 149.43(B)(8) applies. Ware does not dispute O'Malley's argument, offer conflicting evidence disproving the applicability of R.C. 149.43(B)(8), or suggest that he satisfied the exception's requirements. He merely contends that he is entitled to the case list because it is a public record. The majority, however, seems unconcerned about Ware's lack of effort. Instead, the majority takes it upon itself to make Ware's arguments for him. I fear that this court has lost sight of the fact

that the ultimate burden in a public-records mandamus action lies on the relator. "Despite the liberal construction of the Public Records Act in favor of disclosure, [a relator] must still establish entitlement to the requested extraordinary relief by clear and convincing evidence." (Cleaned up.) *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5108, ¶ 12.

{¶ 55} I would hold that (1) O'Malley met his burden to show that R.C. 149.43(B)(8) applies and (2) Ware failed to meet his ultimate burden to show his entitlement to relief by clear and convincing evidence. I would therefore deny a writ of mandamus as to request No. 8. *See State ex rel. Ware v. Giavasis*, 2020-Ohio-5453, ¶ 14-17 (denying writ of mandamus when public-record holder raised R.C. 149.43(B)(8) and the relator did "not present any legal argument to counter the exception"). And because O'Malley did not fail to comply with an obligation under R.C. 149.43(B) with respect to request No. 8, I would deny Ware's request for statutory damages. The majority sees it otherwise, so I respectfully dissent in part.

––––––––––––––––

Kimani E. Ware, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew T. Fitzsimmons IV, Assistant Prosecuting Attorney, for respondent.

––––––––––––––––