NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5244

THE STATE EX REL. WARE *v.* O'MALLEY, PROS. ATTY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. O'Malley*, Slip Opinion No. 2025-Ohio-5244.]

*Public-records requests—Relator has not shown that custodian of public records he requested failed to comply with an obligation to produce public records under R.C. 149.43(B)—Relator's request for statutory damages denied.*

(No. 2024-0514—Submitted August 6, 2025—Decided November 25, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

**{¶ 1}** In this original action, relator, Kimani E. Ware, sought a writ of mandamus ordering respondent, Cuyahoga County Prosecuting Attorney Michael

C. O'Malley, to produce public records Ware had requested.  Ware also asked for awards of statutory damages and court costs.  We previously granted a limited writ of mandamus ordering O'Malley to produce (1) personnel files and payroll records and (2) a list of cases assigned to Assistant Prosecuting Attorney Lisa Reitz Williamson in 1999, if such a list exists.  2025-Ohio-1855, ¶ 6, 37.  As to the latter, we stated that O'Malley could also comply with the limited writ by certifying that no such record exists.  *Id.* at ¶ 37.  We denied Ware's request for a damages award as to the personnel files and payroll records but deferred our consideration of the damages request as to the case list until O'Malley complied with the limited writ.  *Id.*  And we awarded Ware $200 for his court costs.  *Id.*

{¶ 2} O'Malley complied with the limited writ by (1) sending to Ware the personnel and payroll records we had ordered O'Malley to produce and (2) certifying that the requested case list does not exist.  Ware did not file a response to O'Malley's notice of compliance with the limited writ.  This case is now before us on our deferred determination of Ware's request for statutory damages as to the case list.

{¶ 3} "When a public office attests that it does not have responsive records, the relator in a public-records mandamus case bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office."  *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13.  In this case, O'Malley has submitted an affidavit sworn to by his office's chief information officer, Peter Szigeti, who attests that the requested case list does not exist.  More specifically, Szigeti attests that the prosecutor's office was maintaining case records exclusively in paper format in 1999, that the office transitioned to a case-management-software system in 2008, and that the office's current case-management-software system cannot generate the requested list of 1999 cases.

{¶ 4} Ware did not respond to the notice of compliance and therefore offers no proof to rebut Szigeti's affidavit.  Accordingly, Ware has not shown that O'Malley

failed to comply with an obligation to produce public records under R.C. 149.43(B). Having failed to show a violation of R.C. 149.43(B), Ware is not entitled to a statutory-damages award as to the case list. *See State ex rel. Pool v. Sheffield Lake*, 2023-Ohio-1204, ¶ 23-24.

{¶ 5} For the foregoing reasons, we deny Ware's request for an award of statutory damages.

Request denied.

———————————

Kimani E. Ware, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew T. Fitzsimmons IV, Assistant Prosecuting Attorney, for respondent.

———————————