**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, Slip Opinion No. 2024-Ohio-4715.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4715

THE STATE EX REL. CULGAN *v*. JEFFERSON COUNTY PROSECUTOR.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, Slip Opinion No. 2024-Ohio-4715.]**

*Mandamus—Public records—When a public office attests that it has no records responsive to a public-records request, the relator must prove by clear and convincing evidence that those records exist and are kept by the public office—Writ denied.*

(No. 2023-1414—Submitted August 13, 2024—Decided October 1, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Relator, Clifford J. Culgan, requests a writ of mandamus under Ohio's Public Records Act, R.C. 149.43, ordering respondent, the Jefferson County prosecutor, to produce records responsive to his public-records request. Culgan also seeks an award of statutory damages and assessment of court costs against the prosecutor. In addition, he has filed a motion for this court to conduct an in camera inspection of all documents he seeks in order to determine which, if any, are exempt from disclosure. Finally, he has filed a motion for an order compelling the prosecutor to provide proof that any public records he seeks that are not available have been lawfully disposed of. The prosecutor opposes both motions.

{¶ 2} For the reasons below, we deny the writ and deny Culgan's motions.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 3} Culgan alleges that on July 31, 2023, he emailed a public-records request to Gigi Moro, a legal assistant at the prosecutor's office. Moro is responsible for responding to public-records requests emailed to the prosecutor's office. Culgan's request sought records "related to the investigation(s) and trial of John Wells in *State v. Wells*, Jefferson County Court of Common Pleas Case No. 97-CR-163; and investigations of other persons connected to this case." The request described 14 categories of records, which encompassed "any and all" records related to the prosecutor's investigation, prosecutorial decisions, and handling of witnesses and evidence in *State v. Wells*. The request included statements from all potential witnesses in *Wells*, their criminal histories, and evidence of any prosecutions that could have been brought against them; training manuals and guides pertaining to arrest, photo arrays, and identification procedures that were "not used" in *Wells*; and all records of other suspects investigated in *Wells*.

{¶ 4} On September 20, 2023, Culgan emailed two more public-records requests to the prosecutor's office. The first sought "public records related to the

investigation(s) and trial of Thomas Wells in *State v. Wells*, Jefferson County Common Pleas Case No. 97-CR-173; and investigations of other persons connected to this case." Eight minutes later, Culgan emailed a separate request seeking "public records related to the investigation(s) and trial of Drema Jean Wells in *State v. Wells*, Jefferson County Common Pleas Case No. 98-CR-5; and investigations of other persons connected to this case." In both, Culgan repeated his request for the 14 categories of records that he had sought regarding the criminal prosecution of John Wells.

**{¶ 5}** The prosecutor denies receiving Culgan's July 2023 request but acknowledges receiving Culgan's September 2023 requests. According to Moro, the prosecutor's office conducted "a thorough search of its records," which took several months because of the extent of the requests and the age of the cases involved. The prosecutor's office determined that it had no records responsive to Culgan's requests.

**{¶ 6}** Culgan filed this action in November 2023, seeking a writ of mandamus ordering the prosecutor to immediately provide the requested public records, an award of statutory damages, and an order assessing costs against the prosecutor. This court granted an alternative writ and set a schedule for the parties' submission of evidence and merit briefs. 2024-Ohio-202. After the court's order granting an alternative writ, the prosecutor emailed a formal response to Culgan's public-records request. The prosecutor informed Culgan that it had no records responsive to any of his three requests.

## II. ANALYSIS

### A. *Motion for In Camera Inspection*

**{¶ 7}** This court will conduct an in camera inspection of documents whose status as public records is in dispute and that have been withheld from disclosure before determining whether they must be made available under the Public Records Act. *Salemi v. Cleveland Metroparks*, 2016-Ohio-1192, ¶ 33. In this case,

however, no documents have been withheld from disclosure based on any exception to the Public Records Act. The prosecutor has attested that her office has *no* documents responsive to Culgan's public-records requests. Culgan has offered no evidence to the contrary. *Compare State ex rel. Ullmann v. Klein*, 2020-Ohio-2974, ¶ 20 (denying motion for in camera review of redacted documents when relator's contentions of information improperly withheld were speculative). Accordingly, we deny Culgan's motion for an in camera inspection.

### B. *Motion for Order Requiring Proof of Valid Destruction*

{¶ 8} In addition or as an alternative to his motion for in camera inspection, Culgan moves this court for an order "compelling respondent to provide proof of valid destruction of public records." Not satisfied with the prosecutor's February 2024 response that her office has no responsive records, Culgan believes that the prosecutor must have had the records at some point. He contends that online dockets and Google searches show extensive postconviction litigation in John Wells's criminal case, including three resentencing hearings and other motions litigated between 2015 and 2022 that are still pending. Culgan also claims to have an affidavit of a witness whose evidence was "illegally suppressed" in John Wells's criminal prosecution and asserts that evidence exists tending to exonerate John Wells and implicate others in the crimes for which John Wells was convicted. Culgan therefore asks this court to order the prosecutor to (1) "collect and reassemble the records" from other offices, public or private, where they may be located and deliver them to this court for in camera inspection, and (2) provide records related to her office's destruction of records responsive to his public-records request.

{¶ 9} We deny Culgan's motion because he asks for relief that is improper in the context of this mandamus action. First, Culgan's request that the prosecutor be ordered to collect and reassemble the records *from other offices* is an attempt to obtain by motion something he cannot obtain in this mandamus action. A public office has

no duty to furnish records that are not in its possession. *State ex rel. Horton v. Kilbane*, 2022-Ohio-205, ¶ 11.

**{¶ 10}** Second, Culgan's request to order the prosecutor to provide information showing the "valid destruction" of records is likewise improper. The relief requested is immaterial to this case, which seeks a writ of mandamus ordering the prosecutor to produce public records. Whether the prosecutor destroyed the requested records at issue is not relevant to whether Culgan is entitled to a writ of mandamus. *See State ex rel. Pietrangelo v. Avon Lake*, 2016-Ohio-5725, ¶ 20 (writ of mandamus cannot order production of records that have been destroyed, even if their destruction was improper).

**{¶ 11}** Moreover, Culgan cannot bring a claim in this court related to the invalid destruction of records. Under R.C. 149.351, such a claim must be brought in the common pleas court of the county in which the alleged improper destruction of public records occurred. *See* R.C. 149.351(B).

*C. Mandamus*

**{¶ 12}** Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, the Public Records Act. R.C. 149.43(C)(1)(b). To obtain a writ of mandamus, Culgan must show that he has a clear right to the relief he requests and that the clerk has a clear legal duty to provide it. *State ex rel. Ellis v. Maple Hts. Police Dept.*, 2019-Ohio-4137, ¶ 5. "However, a writ of mandamus will not issue when the uncontroverted evidence shows that the requested documents do not exist." *State ex rel. Hedenberg v. N. Cent. Corr. Complex*, 2020-Ohio-3815, ¶ 7.

**{¶ 13}** In this case, the prosecutor searched for the records that Culgan requested and has attested that her office has no documents responsive to Culgan's public-records requests. When a public office attests that it does not have responsive records, the relator in a public-records mandamus case bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office. *State ex rel. Gooden v. Kagel*, 2014-Ohio-869, ¶ 8; *see also*

*State ex rel. Barr v. Wesson*, 2023-Ohio-3080, ¶ 16.  Culgan provides no such evidence in this case.  Rather, Culgan argues that there have been many postconviction motions litigated in *State v. John Wells*, Jefferson C.P. No. 97-CR-163, so there must be records responsive to his public-records requests.

{¶ 14} Culgan does not explain how the postconviction litigation in *State v. John Wells* would necessarily generate documents responsive to his public-records requests, much less which of his 42 requests those documents would be responsive to.  Rather, Culgan's arguments boil down to nothing more than his belief that there *must* be records responsive to his public-records requests.  But his belief that there are responsive documents is not sufficient evidence to establish that they exist.  *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 26.  Accordingly, Culgan is not entitled to a writ of mandamus compelling production of the records sought in his three public-records requests.  *See State ex rel. McDougald v. Greene*, 2020-Ohio-2782, ¶ 9 (holding that a relator who fails to rebut the affidavit of a records custodian stating that the requested records do not exist is not entitled to a writ of mandamus).

## D.  Statutory Damages

{¶ 15} R.C. 149.43(C)(2) entitles a public-records requester to damages if (1) he made a public-records request by one of the statutorily prescribed methods, (2) he made the request to the public office responsible for the requested records, (3) he fairly described the documents being requested, and (4) the public office failed to comply with its obligations under R.C. 149.43(B).  Culgan argues that he is entitled to statutory damages because the prosecutor denied his three public-records requests without any explanation or legal authority and in an untimely manner (seven months after his first request and five months after his second and third requests).  The prosecutor argues that statutory damages are not warranted because she responded to the requests within a reasonable time and, in any event, Culgan's requests were improperly broad.  The prosecutor also denies having received the July 2023 request.

**{¶ 16}** We need not address the issues of whether Culgan's requests fairly described the records he sought or whether the prosecutor responded to Culgan's requests within a reasonable time. Culgan bases his claim for statutory damages on the prosecutor's office's failure to cite relevant legal authority in its denial of his request, in violation of R.C. 149.43(B)(3). But a statement that the public office has no records responsive to the requests suffices as compliance with R.C. 149.43(B)(3). *See Wesson*, 2023-Ohio-3080, at ¶ 20. Nor can Culgan claim statutory damages for a failure to deny his requests within a reasonable time because R.C. 149.43(B)(3) contains no timeliness requirement. *State ex rel. Ware v. Giavasis*, 2020-Ohio-3700, ¶ 12; *see also State ex rel. Adkins v. Cantrell*, 2023-Ohio-1323, ¶ 37. Accordingly, we deny Culgan's request for statutory damages.

### *E. Court Costs*

**{¶ 17}** Culgan also asks that the costs of this action be assessed against the prosecutor. Culgan is not entitled to this relief because he filed an affidavit of indigency and therefore had no obligation to pay costs. *See State ex rel. Mobley v. LaRose*, 2024-Ohio-1909, ¶ 16. And in any event, because we deny the writ, Culgan is not entitled to an award of court costs under R.C. 149.43(C)(3)(a)(i). *Id.*

### III. CONCLUSION

**{¶ 18}** For the foregoing reasons, we deny the writ. We also deny Culgan's motions and his requests for statutory damages and court costs.

Writ denied.

—————————————

Clifford J. Culgan, pro se.

Isaac Wiles & Burkholder, L.L.C., Aaron M. Glasgow, and Gareth A. Whaley, for respondent.

—————————————