**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Luikart v. Washington Court House*, Slip Opinion No. 2026-Ohio-111.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-111

[THE STATE EX REL.] LUIKART *v.* THE CITY OF WASHINGTON COURT HOUSE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Luikart v. Washington Court House*, Slip Opinion No. 2026-Ohio-111.]**

*Mandamus—Public-records requests—R.C. 149.43(G)—A defendant's public-records request for documents from unrelated criminal case is not a request related to defendant's action for purposes of R.C. 149.43(G), and public office therefore cannot treat request as a discovery demand—Public office's purported good-faith belief that request was a discovery demand under R.C. 149.43(G) does not change that reasonableness of response time is measured by date of request, not date that public office's motion for judgment on pleadings was denied—Multiple emails sent on the same calendar day to the same office all concerning docket items in cases filed in city's municipal court relate to the same general subject matter, thus constituting one transmission for purposes of statutory damages—Public office failed to establish that its reliance on R.C. 149.43(G) warranted*

*reducing or denying statutory-damages award—Writ denied as moot and relator awarded $1,000 in statutory damages.*

(No. 2024-1586—Submitted June 24, 2025—Decided January 20, 2026.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in part and dissented in part and would award relator $45,000 in statutory damages for the reasons set forth in her separate opinion in *State ex rel. Henderson v. Washington Court House*, 2026-Ohio-110.

**Per Curiam.**

{¶ 1} Relator, Aaron Michael Lloyd Luikart, made 45 requests for public records in 46 separate emails that he sent to the city attorney for Washington Court House between 4:53 p.m. and 6:59 p.m. on Sunday, November 3, 2024. Nine days later, Luikart filed a petition in this court seeking a writ of mandamus to order respondent, the City of Washington Court House, to produce the public records he requested. Luikart also requests an award of statutory damages.

{¶ 2} After this court granted an alternative writ setting the schedule for the filing of evidence and briefs, the city responded to Luikart's emails, producing 37 records and explaining that the remaining records were exempt or nonexistent. Luikart concedes that his request for a writ of mandamus is now moot, but he insists that he is entitled to $45,000 in statutory damages—$1,000 for each of his 45 public-records requests. Alternatively, Luikart claims he is entitled to at least $37,000 in statutory damages for the public records he requested that were not exempt from production. We deny the writ as moot and award Luikart $1,000 in statutory damages.

## I. FACTS AND PROCEDURAL HISTORY

**{¶ 3}** Mark Pitstick is the city attorney within the Washington Court House City Attorney's Office. In November 2024, Pitstick was prosecuting Luikart in the Washington Court House Municipal Court. On the evening of November 3, Luikart sent a series of 46 emails,[1] starting at 4:53 p.m. and continuing every few minutes until 6:59 p.m. He titled each email "Public Record Request." Each email requested one or two documents from over 40 separate cases filed in the city's municipal court, including complaints, pleas, motions, and other case documents. None of the emails requested documents filed in Luikart's criminal case.

**{¶ 4}** Pitstick avers that he interpreted Luikart's emails as requests for discovery in Luikart's criminal case under R.C. 149.43(G). He did not respond to any of Luikart's emails before Luikart initiated this action for a writ of mandamus. Luikart's petition for a writ of mandamus asked that the city be ordered to produce the public records Luikart requested. Luikart also requested an award of statutory damages in the amount of $100 per day for each of his 45 public-records requests.[2]

**{¶ 5}** The city filed its answer on December 4, 2024. It also filed a motion for judgment on the pleadings, asserting that the emails were requests "by a defendant . . . in a criminal action that public records related to that action be made available." R.C. 149.43(G).

---

1. Both Luikart and Pitstick refer to 45 requests in their respective affidavits that were filed as evidence in this case. It is not clear which of Luikart's emails is not accounted for. Regardless, because Luikart avers that there were only 45 requests, we assume that he concedes that one of his emails was not a public-records request.

2. Luikart also requested an additional $5,000 in damages for "inconvenience, mental anguish, delay, and harm inflicted." However, he did not argue in support of this request in his merit brief, so he has abandoned his request for additional damages. *See State ex rel. Castellon v. Cuyahoga Cty. Prosecutor's Office*, 2025-Ohio-2787, ¶ 15 (finding that a relator abandoned relief that was requested in his mandamus complaint when he did not advance an argument in support of that relief in his merit briefing).

{¶ 6} Thereafter, Luikart filed an amended petition for a writ of mandamus and the city filed both an answer to the amended petition and an amended motion for judgment on the pleadings. Luikart filed a response in opposition and a motion to strike.

{¶ 7} On February 26, 2025, we denied the city's amended motion for judgment on the pleadings, denied Luikart's motion to strike, and granted an alternative writ setting the schedule for the filing of evidence and briefs. 2025-Ohio-598.

{¶ 8} Following this court's denial of the city's motion, Pitstick instructed his assistant to work with the municipal court's clerk to respond to Luikart's public-records requests. The clerk provided responses 20 days later, on March 18, 2025, which Luikart claims is 135 days after he made his public-records requests and 123 days after he filed this action.

{¶ 9} Luikart concedes in his merit brief that his mandamus claim was rendered moot by the city's response to his public-records requests. He insists, however, that since his public-records requests went without response for 123 days after he filed this mandamus action, he should receive the maximum amount of $1,000 in statutory damages for each request—for a total of $45,000. Alternatively, he asserts that this court should award him $37,000 because eight of the public-records requests were ultimately subject to exceptions (or did not exist in the municipal court's records). The city counters that it produced the records in a reasonable time after this court denied its amended motion for judgment on the pleadings and that the city's failure to produce the records earlier was based on a good-faith belief that Luikart's emails were requests for discovery. Even if the city failed to comply with its obligations under R.C. 149.43, Ohio's Public Records Act, the city asserts that this court should deny damages or, at most, cap damages at $1,000 to avoid a windfall.

## II. ANALYSIS

{¶ 10} Ohio's Public Records Act requires a custodian of public records, on request, to make copies of public records available within a reasonable period. R.C. 149.43(B)(1). A writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 11. If the respondent provides the records after the complaint is filed, the relator's petition for a writ of mandamus is moot. *State ex rel. Martin v. Green*, 2019-Ohio-1827, ¶ 5, 7, but claims for statutory damages are not moot, *State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 7.

{¶ 11} Under R.C. 149.43(C)(2)[3] statutory damages may be available if the public-records request came by "electronic submission . . . in a manner that fairly describes the public record" and a court determines that the records custodian "failed to comply with an obligation in accordance with division (B)" of R.C. 149.43. R.C. 149.43(C)(2); s*ee also State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2025-Ohio-1611, ¶ 34.

{¶ 12} Luikart concedes in his merit brief that the city produced all the public records that he requested or provided him with an acceptable reason why it withheld certain records. Thus, we deny the writ of mandamus as moot and turn to damages.

### A. Luikart is entitled to $1,000 in statutory damages

{¶ 13} To be entitled to statutory damages, Luikart must prove that "(1) he made a public-records request by one of the statutorily prescribed methods, (2) he made the request to the public office responsible for the requested records, (3) he fairly described the documents being requested, and (4) the public office failed to

---

3. The General Assembly has recently amended R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2024 Am.Sub.S.B. No. 29 (effective Oct. 24, 2024).

comply with its obligations under R.C. 149.43(B)," *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 15. The city does not dispute that Luikart's emails were sent by electronic transmission, which is a statutorily prescribed method. The city also does not dispute that Pitstick is an appropriate person from whom to request the public records and that Luikart fairly described the documents being requested. At issue is whether Luikart has pleaded and proved a specific violation of R.C. 149.43(B). Luikart argues both that the city failed to produce the records in a reasonable time—a violation of R.C. 149.43(B)(1)—and that the city failed to respond with an explanation, including legal authority, setting forth why it denied the requests—a violation of R.C. 149.43(B)(3).

{¶ 14} The city argues that it responded to Luikart's public-records requests in a reasonable time as required by R.C. 149.43(B)(1) and that this court should start counting time for reasonableness not from the date on which the public-records requests were made—i.e., November 3, 2024—but from the date on which this court denied the city's amended motion for judgment on the pleadings—i.e., February 26, 2025. Until this court's denial of that motion, the city believed that the requested public records were subject to the procedural requirements regarding discovery in the Rules of Criminal Procedure. The city's argument is based on R.C. 149.43(G), which provides that a request by a defendant in a criminal action for public records related to that action is to be treated as a demand for discovery under the criminal rules. Accordingly, the city argues that this court should find that the city responded to Luikart's public-records requests 20 days after the city's motion was denied—which it contends is a reasonable time considering the pertinent facts and circumstances—rather than 132 days after the public-records requests were made. Because the city claims to have been acting in a good-faith reliance on R.C. 149.43(G), it argues that this court should not consider the longer period as the city's response time.

{¶ 15} A statutory-damages award, however, is "not contingent on the good or bad faith of the public-records custodian." *State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 18. Rather, the statute "measures reasonableness of the response time by reference to the date of the request." *State ex rel. Howard v. Watson*, 2023-Ohio-3399, ¶ 33. That the city thought that it was justified in not responding to Luikart's public-records requests does not obviate the duty to provide documents in a reasonable time under R.C. 149.43(B)(1) or at least provide an explanation why the public-records requests were being denied, as required under R.C. 149.43(B)(3).

{¶ 16} To determine whether the time that a records custodian takes to produce a public record is reasonable, this court looks to "'all of the pertinent facts and circumstances.'" *State ex rel. Mobley v. Powers*, 2024-Ohio-3315, ¶ 9, quoting *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10. While the lack of any response for two months is enough to constitute a failure to respond in a reasonable time, factors such as extensive redaction can extend the reasonableness window. *See id.* But when a public-records request is "narrow and specific," few responsive records exist, and no redactions are needed, we have found an almost three-month delay to be unreasonable and in violation of the public office's statutory obligation under R.C. 149.43(B). *Id.* at ¶ 10.

{¶ 17} Here, Pitstick instructed his staff to respond to Luikart's public-records requests on February 26, 2025. After that, it took only 20 days for the city to produce the requested public records. Most of Luikart's emails requested only a single document, and the documents did not require extensive redactions. Waiting almost four months until this court denied the city's amended motion for judgment on the pleadings to start processing Luikart's narrow and specific public-records requests was unreasonable. Luikart has therefore shown that he is entitled to statutory damages for the city's failure to provide the records within a reasonable time.

{¶ 18} The amount of statutory damages available to compensate for the "lost use of the requested information" for a violation of the Public Records Act is $100 per business day during which the public office failed to comply with its statutory obligation, up to a maximum of $1,000. R.C. 149.43(C)(2). Damages are calculated from the date that the public-records requestor files a mandamus action. *Id.* In this case, because the city did not provide the public records for more than ten business days after Luikart filed this mandamus action, he is entitled to the maximum amount of statutory damages—$1,000.

{¶ 19} Luikart argues, however, that his 45 public-records requests are each a separate transmission requesting separate unrelated documents. The Public Records Act allows for statutory damages whenever a relator in a mandamus action "transmits a written request" by a statutorily prescribed method, so long as the requestor fairly describes the public record, transmits it to the public office responsible for the requested record, and proves that the public office committed a violation of R.C. 149.43(B). R.C. 149.43(C)(2). But "[w]hen a requester has sent multiple requests to the same office on the same day concerning the 'same general subject matter,' the requester is entitled to only a single statutory-damages award, not an award for each record requested." *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 10, quoting *State ex rel. Ware v. Parikh*, 2023-Ohio-2536, ¶ 31.

{¶ 20} Luikart sent all 45 emails on the same calendar day to the same office, and each email dealt with a docket item in a case brought before the city's municipal court. Thus, all the emails count as a single public-records request. We award Luikart $1,000 in statutory damages.

### B. Statutory requirements to reduce damages are not met

{¶ 21} The city asserts that statutory damages are not warranted or should be reduced. A court may reduce or deny statutory damages if "based on the law as it existed at the time of the request, a well-informed person responsible for the public records reasonably would have believed that (1) R.C. 149.43(B) did not

require their disclosure and (2) withholding the records would serve the public policy that underlies the authority asserted for withholding the records." *State ex rel. Ware v. O'Malley*, 2024-Ohio-5242, ¶ 20, citing *State ex rel. Harm Reduction Ohio v. OneOhio Recovery Found.*, 2023-Ohio-1547, ¶ 38.

{¶ 22} The city claims that it reasonably determined that because Pitstick was prosecuting Luikart at the time of his public-records requests, Luikart's requests were for "public records related to that action" and were to "be considered a demand for discovery," R.C. 149.43(G). As a result, the city asserts that its decision to neither produce the records nor respond to the public-records requests was reasonable and served the public policy underlying R.C. 149.43(G) and Crim.R. 16(H).

{¶ 23} The city is wrong. The city has not shown that Luikart's public-records requests for documents from unrelated cases are subject to R.C. 149.43(G). The statute specifies that division (G) applies only to "public records *related to that action*." (Emphasis added.) The documents requested here were filed in the same court but in unrelated criminal cases. The city has not demonstrated that the documents are in any meaningful way related to Luikart's criminal action.

{¶ 24} Thus, the city has not established that this court should reduce or deny statutory damages.

### III. CONCLUSION

{¶ 25} Luikart has received all the public records that he is entitled to receive. His petition for a writ of mandamus is therefore moot. But because the city did not respond to his public-records requests within a reasonable time, we award Luikart $1,000 in statutory damages.

Writ denied as moot.

_____

Aaron Michael Lloyd Luikart, pro se.

Frost Brown Todd, L.L.P., Frank J. Reed Jr., Thaddeus M. Boggs, and Anthony R. Severyn, and Mark J. Pitstick, Washington Court House City Attorney, for respondent.

_____