[Cite as *Kolkowski v. Ashtabula Area City School Dist.*, 2026-Ohio-1721.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| BARBARA KOLKOWSKI | Case No. 2025-01012PQ |
| Requester | Special Master Sarah Pierce |
| v. | REPORT AND RECOMMENDATION |
| ASHTABULA AREA CITY SCHOOL DISTRICT | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) order respondent to produce records as described in this report and recommendation, (2) deny respondent's motion to dismiss, (3) order respondent to reimburse requester's filing fee, and (4) order respondent to bear the remaining costs of this case.

### I.    Background

{¶2} In or around 2021, Requester Barbara Kolkowski filed several grievances under a collective bargaining agreement against the Ashtabula Area City Schools Board of Education. *See Complaint, filed Dec. 16, 2025*, p. 3; *Req. Evidence, filed Feb. 26, 2026*, p. 22, 63. During resolution of the grievances, the parties to the collective bargaining agreement were represented by counsel. The Board of Education was primarily represented by attorney David Pontius, of the law firm Andrews & Pontius LLC. *See Req. Ev.*, p. 11-13. The State Council of Professional Educators, OEA/NEA (the Union) was primarily represented by Jeff Geisinger, of the law firm Green Haines Sgambati Co., L.P.A.. *See Req. Ev.*, p. 14-16. Requester states that she was individually represented by attorney Brian Kolkowski. *Id*.

{¶3} On August 21, 2023, Requester filed another grievance against the Board of Education. *See Req. Ev.*, p.19.

### A. The public records request

{¶4} On August 21, 2023, Requester submitted a public records request to the Respondent Ashtabula Area City School District through her attorney, Brian Kolkowski. The request asked for "all texts, emails and other communications between Mr. Pontius or his firm, and the District with the Union directly related to Mrs. Kolkowski or myself between May 25 of this year to the present." *Req. Ev.*, p. 23.

{¶5} The next day, Requester followed up the request with an email to the District's counsel, attorney David Pontius. That email clarified that the request asked for, "[C]ommunications between you (and your firm) and the Union along with communications between the District and the Union directly related to Mrs. Kolkowski from May 25, 2023 through today." *Compl.*, p. 17; *Req. Ev.*, p. 21-22. Requester elaborated that she "[was] looking to understand what formal communications have taken place on these very issues that the Union is under the obligation to 'fairly represent' [her]" and "what actions either the District or Union have been taken to hire an arbitrator." *Id*.

{¶6} On August 24, 2023, the District responded to the public records request through its counsel. *Compl.*, p. 20-21; *Req. Ev.*, p. 11-13. First, the District noted that the District, and not its law firm, was subject to the Public Records Act. Therefore, any responsive material held exclusively by the law firm was not subject to public-records disclosure. *Req. Ev.*, p. 12. Second, the District noted that any communications between it and its legal counsel about pending legal matters were exempt from public-records disclosure under the attorney-client privilege and work product doctrine. *Id*. Finally, the District noted that no responsive communications between the District's legal counsel and the Union existed. *Id*. The District concluded that "there are no documents responsive to your request, either from the District or from Andrews & Pontius, LLC." *Id*., p. 13.

**B. This public records action**

{¶7} Two years passed. Requester sent a preliminary complaint regarding the request on December 3, 2025. *Compl.*, p. 80-85; *Req. Ev.*, p. 26-28. The District responded, through counsel, on December 5, 2025. *Id*. With that response, the District provided a supplemental production of documents. *Compl.*, p. 42-78; *Req. Ev.*, p. 29-54. Redactions were made to this production under the attorney-client privilege. *Compl.*, p. 40-41; *Req. Ev.*, p. 27-28.

{¶8} On February 12, 2026, after a mediation conference in this case, an additional production of records was provided to Requester. *See Resp. Other Evidence, filed Feb. 26, 2026*, p. 5 ¶ 12, 47-145. Redactions were made to this production under the attorney-client privilege and to "personal addresses, personal email addresses and/or phone numbers." *Resp. Other Ev.*, p. 49.

**C. Procedural history**

{¶9} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation, entered Feb. 11, 2026*.

{¶10} The parties submitted several filings that were not ordered by the special master. *Req. Supp. Notice, filed Feb. 26, 2026*; *Req. Second Supp. Notice, filed Feb. 26, 2026*; *Req. Revised Second Supp. Notice, filed Feb. 26, 2026*; *Resp. Notice, filed Mar. 13, 2026*; *Req. Notice, filed Mar. 16, 2026*. These filings were not considered in this report and recommendation. *See* R.C. 2743.75(E)(2).

**II.    Analysis**

**A. Requester is entitled to additional production of records.**

{¶11} To compel production of public records through Revised Code 2743.75, a requester must "plead and prove facts" demonstrating a request for "an identifiable public record" and the public office's denial of that request. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. "When a public office attests that it does not have responsive records, the [requester] . . . bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office." *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13. This

court has held the same. *Ackley v. Washington Court House Police Dept.*, 2025-Ohio-2882, ¶ 13-15, adopted 2025-Ohio-4333 (Ct. of Cl.); *Dye v. City of Cleveland*, 2025-Ohio-4330, ¶ 13 (Ct. of Cl.).

{¶12} ***Quasi-agency doctrine.*** Requester primarily argues that she is entitled to additional production of records because the District has not provided responsive records held by the District's legal counsel. *See Req. Ev.*, p. 6-7; *Req. Reply, filed Mar. 12, 2026,* p. 14-19. The District, in turn, argues that its legal counsel is not subject to the Public Records Act and the District therefore does not have a duty to disclose responsive documents held exclusively by legal counsel. *See Resp. Motion to Dismiss, filed Mar. 9, 2026*, p. 11-15.

{¶13} Requester first argued that the District's legal counsel is subject to the Public Records Act as the functional equivalent of a public office. *See Compl.*, p. 9 (citing *State ex rel. Oriana House, Inc. v. Montgomery*, 2006-Ohio-4854). Requester has since abandoned that claim. *See Req. Reply*, p. 14.[1]

{¶14} Requester next argues that the District is required to produce public records in the possession of legal counsel. *See Req. Reply*, p. 14. The quasi-agency doctrine requires a public office to produce records in the possession of a private entity if those records are related to a public function the public office has delegated to that entity. *State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, 2022-Ohio-3990, ¶ 7-18; *Wysong v. City of Dayton City Hall*, 2025-Ohio-1651, ¶ 9, adopted 2025-Ohio-2002 (Ct. of Cl.). The records held by the private entity are public records if "(1) [the] private entity prepares [the] records in order to carry out a public office's responsibilities, (2) the public office is able to monitor the private entity's performance, and (3) the public office has access to the records for this purpose." *State ex rel. Brown v. Columbiana Cty. Jail*, 2024-Ohio-4969, ¶ 18. "[W]hen a requester has adequately proved the first prong of the quasi-agency test, the requester has met his burden: proof of a delegated public duty

---

[1] I note that the District has introduced evidence to substantiate that its legal counsel is "a private, independent full-service law firm" that provides legal services to the District. *Resp. Other Ev.*, p. 4, ¶ 4. There is no evidence, let alone clear and convincing evidence, that the law firm meets any of the four factors in the functional equivalency test. *See State ex rel. Oriana House, Inc. v. Montgomery*, 2006-Ohio-4854, ¶ 25-26.

establishes that the documents relating to the delegated functions are public records." *Id*. Hiring and supervising attorneys for the prosecution and defense of a lawsuit is a public duty. *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 2021-Ohio-1176, ¶ 19-22. "When the quasi-agency test is satisfied, the public office has a duty to obtain requested records from the private entity and disclose them to the requester." *Brown* at ¶ 21.

{¶15} The District employed legal counsel for the resolution of Requester's grievances. *See Resp. Other Ev.*, p. 2 ¶ 4; *id*. at p. 144 ¶ 6; *Resp. Supp. Ev., filed Feb. 26, 2026*, p. 1 ¶ 4. This constitutes a public duty and satisfies the quasi-agency test. *Armatas* at ¶ 19-22; *Brown* at ¶ 18. Therefore, the District is obligated to produce records related to this public duty, unless an exception to public-records disclosure applies. *Brown* at ¶ 21.

{¶16} The District has submitted, under seal, the documents it withheld from Requester. *See Resp. Public Index, filed Feb. 25, 2026*; *see also Resp. MTD*, p. 4-5. These documents appear at pages 000130 through 000530 of the under-seal submission. *Id*. I have reviewed these documents in camera. Many of these documents are either not responsive to the public records request or have already been produced to Requester.[2]

{¶17} There is, however, one email chain between counsel for the District, counsel for the Union, and a case administrator for the American Arbitration Association. This email chain consists of communications scheduling an arbitration for resolution of Requester's 2021 grievances. These communications fall within the date range of the public records request, include counsel for the District and the Union, and are related to Requester. There is no public records exception that is applicable on the face of the record. These records should be produced to Requester.

{¶18} There is a second email chain that meets the same criteria. This email chain falls within the request date, is between District counsel and Union counsel, and involves settlement negotiations for Requester's 2021 grievances. I note that this email chain was provided to Requester's attorney, Brian Kolkowski, by the Union. *See Req. Ev.*, p. 56-65.

---

[2] This court can order no further production of records that have already been provided. Providing requested records generally renders a public-records claim moot. *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8; *Kearns v. Boardman Twp. Police Dept.*, 2025-Ohio-475, ¶ 7 (public-records claim mooted when records provided during litigation), adopted at Ct. of Cl. No. 2024-00776PQ (Mar. 19, 2025).

This email chain was not provided in response to Requester's public records request, however.

{¶19} I therefore recommend that the court order production of the two responsive email chains that have not been provided to Requester. A summary of these factual findings and recommendations is attached to this report at Appendix A.

{¶20} *Scope of request.* Requester also argues that she is entitled to records created after August 21, 2023. *See Req. Ev.*, p. 6. I disagree. Requester is only entitled to records that existed on or before the date of the request. *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 19. This does not include records created after August 21, 2023, the date of her request. I also note that Requester's counsel and the District's counsel exchanged several emails about the original public records request. *See Req. Ev.*, p. 14-24. I do not find that these communications constitute an additional or revised public records request. *See Hunt Eng., LLC v. Ohio EPA*, 2022-Ohio-3141, ¶ 10, adopted 2022-Ohio-3557 (Ct. of Cl.). I therefore recommend that the court find Requester is not entitled to an additional production of records that post-date her August 21, 2023, public records request.

{¶21} *Reasonable search.* Finally, Requester argues that she is entitled to an additional production of records because the District did not conduct a reasonable search for responsive records at the time of her request. *See Req. Reply*, p. 12-14. I disagree. In response to an appropriate public records request, a public office is required to produce responsive records in a reasonable time. R.C. 149.43(B)(1). If the public office denies the request, in whole or part, it is required to provide an explanation with legal authority. R.C. 149.43(B)(3).[3] Further, this court is limited in the relief it can order in a public-records action. It can order the production of specific records and the reimbursement of a requester's filing fee and costs. R.C. 2743.75(F)(3). If a requester seeks to compel production of a particular record, the requester must provide sufficient evidence that the record exists. *See Culgan*, 2024-Ohio-4715, ¶ 13. The District has conducted a search

---

[3] The Public Records Act is frequently amended. These duties in the currently effective law are identical to those in place at the time of Requester's public records request. *See* 2023 Am. Sub. H.B. 33 (effective Oct. 3, 2023).

for responsive records, at least since the transmission of Requester's preliminary complaint on December 3, 2025. That search has resulted in two productions of records to Requester and an additional set of records filed under seal with the court. The "reasonableness" of the District's search for responsive records in August 2023 does not provide sufficient evidence to compel an additional production of records.

{¶22} *Summary.* The record demonstrates that Requester is entitled to an additional production of responsive records based on the quasi-agency doctrine. I therefore recommend that the court order production of the following pages of the records filed under seal: 000147 through 000171, 000174 through 000208, 000212 through 000320, 000399 through 000480, and 000484 through 000491.

## B. The District appropriately redacted the records provided on December 5, 2025, and February 12, 2026.

{¶23} If records are withheld from release based on a public records exception, the public office must "prove facts clearly establishing the applicability of the exception." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 27. The public office "does not meet [its] burden if it has not proven that the requested records fall squarely within the exception," and courts "resolve any doubt in favor of disclosure." (Cleaned up.) *Id*. at ¶ 27. The public office must produce extrinsic evidence if the applicability of the exception is "not obviously apparent and manifest just from the content of the record itself[.]" *Id*. at ¶ 35.

{¶24} *Attorney-client privilege.* The attorney-client privilege is an exception to the release of public records. R.C. 149.43(A)(1)(v); *State ex rel. Lanham v. DeWine*, 2013-Ohio-199, ¶ 26. The attorney-client privilege applies:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser,
> (8) unless the protection is waived.

*Id.*, ¶ 27. In other words, the privilege permanently protects communications about legal advice made between a client and their attorney, unless the privilege is waived by the client. The attorney-client privilege includes communications that "facilitate" providing

legal advice, such as an attorney's factual investigation conducted "incident to or related to any legal advice." *Id.* at ¶ 29-30, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 27-31. "[V]oluntary disclosure of privileged communications to a third party waives a claim of privilege with regard to communications on the same subject matter." *12312 Mayfield Rd., LLC v. High & Low Little Italy, LLC.*, 2024-Ohio-2717, ¶ 15 (8th Dist.).

{¶25} The District redacted records in its December 5, 2025, and February 12, 2026, productions pursuant to the attorney-client privilege. The District has provided the unredacted records to the court for in camera review. *See Resp. Public Index, filed Feb. 25, 2026.*

{¶26} The under seal pages marked "Unredacted and Withheld Records" from 000003 to 000030 constitute the December 5, 2025, production. At the time these records were created, the District was represented by attorney David Pontius for the resolution of Requester's 2021 grievances. Each of the redactions made to these records are to communications between Mr. Pontius and District representatives. The communications included another attorney from Mr. Pontius' law firm, Jason Fairchild. The communications concern legal advice regarding the settlement of Requester's grievances and questions presented by Requester's counsel, Brian Kolkowski. There is no third-party disclosure of these communications evident in the record. I therefore find that the redactions to these records were correctly made pursuant to the attorney-client privilege.

{¶27} The under seal pages marked "Unredacted and Withheld Records" from 000031 to 000129 constitute the February 12, 2026, production. As with the December 5, 2025, production, each of the redacted communications were between the District and the District's attorney concerning resolution of Requester's 2021 grievances. There is no third-party disclosure evident in the record. I therefore find that the redactions to these records were correctly made pursuant to the attorney-client privilege.

{¶28} *Personal email address.* There is one redaction made to a District representative's personal email address. *See Resp. Public Index, filed Feb. 25, 2026.* The District cites *State ex rel. Dispatch Printing Co. v. Johnson*, 2005-Ohio-4384, as authority for this redaction. In *Dispatch Printing*, the Supreme Court of Ohio held that state-employee home addresses are not "records" and, by extension, not "public records"

that must be disclosed. *Id.* at ¶ 40. Essentially, the District claims that this redaction is to a non-record. The requester must provide proof that this particular item is, in fact, a record. *Langer v. Ohio State Univ. Office of Univ. Compliance & Integrity*, 2023-Ohio-2323, ¶ 18, adopted Ct. of Cl. No. 2023-00195PQ (Jul. 6, 2023). Requester has not supplied that proof. I therefore find that, per the reasoning of *Dispatch Printing*, Requester is not entitled to relief on this redaction.

{¶29} *Summary*. I recommend that the court find that the redactions made to the District's December 5, 2025, and February 12, 2026, productions were appropriate and that requester is not entitled to relief on these claims. A summary of these findings is attached to this report and recommendation at Appendix B.

### C. Delay

{¶30} Requester also argues that the District failed to produce records within a reasonable time. *Req. Ev.*, p. 5-6. "The primary duty of a public office when it has received a public-records request is to promptly provide any responsive records within a reasonable amount of time and when a records request is denied, to inform the requester of that denial and provide the reasons for that denial." *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 11. Whether a public office has provided records within a reasonable time depends upon all the pertinent facts and circumstances of the case. *Id.* at ¶ 12. The requester bears the burden of demonstrating that a public office's response was unreasonably delayed. *Id.*; *Diebert v. Lafferty*, 2022-Ohio-2919, ¶ 28 (same), adopted 2022-Ohio-3052 (Ct. of Cl.).

{¶31} The District first produced responsive records on December 5, 2025. *See, e.g.*, *Resp. Other Ev.*, p. 3 ¶ 9. I am also recommending an additional production of responsive records. The public records request was made on August 22, 2023. This approximately two-year delay is not reasonable.

{¶32} I note, however, that it appears that the Requester took no action on her request between September 2023 and December 2025. Some cooperation is envisioned by the Public Records Act. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 18; *see also State ex rel. Fluty v. Raiff*, 2023-Ohio-3285, ¶ 24.

### D. No additional relief

{¶33} Requester argues for a variety of relief throughout her filings in this case. This court is limited, however, in the relief it can provide in a R.C. 2743.75 public-records case. Nothing in R.C. 2743.75(F)(3) authorizes this Court to grant relief beyond ordering the production of specific records in response to specific requests. Further, the statute does not permit recovery of statutory damages. *Doe v. Ohio State Univ.*, 2024-Ohio-5897, ¶ 53 (10th Dist.). Any further relief requested by Requester should therefore be denied.

### E. Costs.

{¶34} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I find a violation, I recommend that the court order the District to reimburse Requester's filing fee and bear the remaining costs of this case.

### III. Conclusion

{¶35} Based on the above considerations, I recommend that the court:

1)    Order respondent to produce records as described in this report and recommendation;

2)    Deny respondent's motion to dismiss;

3)    Order respondent to reimburse requester's filing fee; and

4)    Order respondent to bear the remaining costs of this case.

{¶36} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

SARAH PIERCE
Special Master

**Filed April 7, 2026**
 **Sent to S.C. Reporter 5/11/26**

APPENDIX A

Summary of sealed records that were withheld by respondent

| Withheld Records* | Produced Records** | Special Master Recommendation | Notes |
|---|---|---|---|
| 000130 | 000129 | | |
| 000131-139 | 000130-138 | | |
| 000140-144 | 000139-143 | | |
| 000145-146 | | | Not responsive; does not involve Union |
| 000147-148 | | **Produce** | Provided to Requester's attorney (*Req. Ev.*, p. 62-66) |
| 000149-151 | | **Produce** | Provided to Requester's attorney (*Req. Ev.*, p. 61-66) |
| 000152-154 | | **Produce** | Provided to Requester's attorney (*Req. Ev.*, p. 61-66) |
| 000155-158 | | **Produce** | Provided to Requester's attorney (*Req. Ev.*, p. 60-66) |
| 000159-162 | | **Produce** | Scheduling for arbitration |
| 000163-166 | | **Produce** | Scheduling for arbitration |
| 000167-171 | | **Produce** | • 000167* produced at 000122-123**<br>• 000168-171 provided to Requester's attorney (*Req. Ev.*, p. 60-66) |
| 000172-173 | 000061-62 | | |
| 000174-179 | | **Produce** | • 000174* produced at 000101**;<br>• 000175-179* provided to Requester's attorney (*Req. Ev.*, p. 58-66) |
| 000180-186 | | **Produce** | Provided to Requester's attorney (*Req. Ev.*, p. 58-66) |
| 000187-193 | | **Produce** | Provided to Requester's attorney (*Req. Ev.*, p. 58-66) |
| 000194-200 | | **Produce** | • 000194* produced at 000056-57**<br>• 000195-200* provided to Requester's attorney (*Req. Ev.*, p. 58-66) |
| 000201-208 | | **Produce** | • 000201* produced at 000082**; |

| | | | |
|---|---|---|---|
| | | | • 000202-208* provided to Requester's attorney (*Req. Ev.*, p. 57-66) |
| 000209-211 | 000081-82 | | |
| 000212-216 | | **Produce** | Scheduling for arbitration |
| 000217-252 | | **Produce** | Scheduling for arbitration |
| 000253-258 | | **Produce** | Scheduling for arbitration |
| 000259-266 | | **Produce** | 000259-265* provided to Requester's attorney (*Req. Ev.*, p. 57-66) |
| 000267-278 | | **Produce** | 000267-275* provided to Requester's attorney (*Req. Ev.*, p. 57-66) |
| 000279-284 | | **Produce** | Scheduling for arbitration |
| 000285-291 | | **Produce** | Scheduling for arbitration |
| 000292-299 | | **Produce** | Scheduling for arbitration |
| 000300-307 | | **Produce** | Scheduling for arbitration |
| 000308-320 | | **Produce** | 000310-317* provided to Requester's attorney (*Req. Ev.*, p. 57-65) |
| 000321 | 000066-67 | | |
| 000322-323 | 000066-67 | | |
| 000324-325 | 000059-60 | | |
| 000326-328 | | | Not responsive, not with Union |
| 000329-332 | 000068-72 | | |
| 000333-340 | 000068-75 | | |
| 000341-349 | | | Not responsive, not with Union; 000341-345* produced at 000089-94** |
| 000350-355 | 000089 - 94 | | |
| 000356-374 | | | Not responsive, not with Union |
| 000375-379 | 000076-80 | | |
| 000380-396 | | | Not responsive, not with Union |
| 000399-407 | | **Produce** | Scheduling for arbitration |
| 000408-417 | | **Produce** | Scheduling for arbitration |
| 000418-427 | | **Produce** | Scheduling for arbitration |
| 000428-438 | | **Produce** | Scheduling for arbitration |

| | | | |
|---|---|---|---|
| 000439-449 | | **Produce** | Scheduling for arbitration |
| 000450-460 | | **Produce** | Scheduling for arbitration |
| 000461-471 | | **Produce** | Scheduling for arbitration |
| 000472-473 | | **Produce** | Scheduling for arbitration |
| 000474-480 | | **Produce** | • 000474-476* produced at 000051-54**;<br>• 000476-480* provided to Requester's attorney (*Req. Ev.*, p. 57-65) |
| 000481-483 | 000050-53 | | |
| 000484-491 | | **Produce** | • 000484-486* produced at 000051-54**;<br>• 000486-491* provided to Requester's attorney (*Req. Ev.*, p. 57-65) |
| 000492-497 | 000049-54 | | |
| 000498-503 | 000049-54 | | |
| **\*These refer to the Bates numbers in the sealed records, filed Feb. 25, 2026, and marked "Unredacted and Withheld Records."** | | | |
| **\*\*These refer to the Bates numbers in Respondent's Evidence, filed Feb. 26, 2026, and marked "B.3 Other Evidence."** | | | |

APPENDIX B

Summary of sealed records that were redacted by respondent

| Unredacted Records* | Redacted Records** | Exception |
|---|---|---|
| *December 5, 2025, production* | | |
| 000005-000006 | 000019-000020 | Attorney-client privilege |
| 000007-000008 | 000021-000022 | Attorney-client privilege |
| 000011-000016 | 000025-000027 | Attorney-client privilege |
| 000027-000029 | 000041-000043 | Attorney-client privilege |
| *February 12, 2026, production* | | |
| 000047-000048 | 000061-000062 | Attorney-client privilege |
| 000049 | 000063 | Personal email address |
| 000052-000053 | 000066-000067 | Attorney-client privilege |
| 000067-000068 | 000081-000082 | Attorney-client privilege |
| 000081-000082 | 000095-000096 | Attorney-client privilege |
| 000107 | 000121 | Attorney-client privilege |
| 000108-000109 | 000122-000123 | Attorney-client privilege |
| **\*These refer to the Bates numbers in the sealed records, filed Feb. 25, 2026, and marked "Unredacted and Withheld Records."** | | |
| **\*\*These refer to the Bates numbers in Respondent's Evidence, filed Feb. 26, 2026, and marked "B.3 Other Evidence."** | | |