[Cite as *Diebert v. N. Baltimore Police Dept.*, 2022-Ohio-3052.]

| | |
|---|---|
| CHERYL AND CARA DIEBERT | Case No. 2021-00699PQ |
| Requesters | Judge Patrick E. Sheeran |
| v. | <u>NUNC PRO TUNC JUDGMENT ENTRY[1]</u> |
| CHIEF LAFFERTY, VILLAGE OF NORTH BALTIMORE POLICE DEPARTMENT, et al | |
| Respondents | |

{¶1} On July 26, 2022, a Special Master issued a Report and Recommendation in this public-records case. Neither party has timely objected to the Special Master's Report and Recommendation.

{¶2} Pursuant to R.C. 2743.75(F)(2), if neither party timely objects, this Court is required to "promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation."

{¶3} In the Report and Recommendation (R&R), the Special Master "recommends the court grant [Respondents'] motion to dismiss as to the October 20 and 25, 2021 requests." (Footnote omitted.) (R&R, 4.) The Special Master states, "With respect to the

---

[1] "'Nunc pro tunc' means 'now for then' and is commonly defined as 'Having retroactive legal effect through a court's inherent power.' Black's Law Dictionary (9th Ed.2009) 1174. Therefore, a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 19.

In the Court's previous judgment entry, the Court did not direct the Clerk to journalize the entry and serve notice of the judgment. This clerical omission is corrected in this entry and is the sole reason for this entry.

other requests, the Special Master finds that the defenses of mootness and the non-existence of additional records are not conclusively shown on the face of the complaint. Moreover, as the matter is now fully briefed these grounds are subsumed in the arguments to deny the claim on the merits. It is therefore recommended the motion to dismiss be denied with respect to all other claims." (R&R, 4.) The Special Master concludes:

> Based on the pleadings, affidavits, and documents submitted in this action, the Special Master recommends the court find the claims for production of records are now moot, and that requesters have not shown by clear and convincing evidence that any additional responsive records exist, with one exception. The Special Master recommends the court find that respondents failed to produce several existing records responsive to the request for procedures on handling complaints against [North Baltimore Police Department] officers. The Special Master further recommends the court find respondent violated R.C. 149.43(B)(1) by not producing the records that it did provide within a reasonable period of time. It is recommended requesters be entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that were incurred by requesters, and that court costs be assessed to respondent.

(R&R at 14.)

{¶4} Upon review, the Court finds no error of law or other defect is evident on the face of the Special Master's Report and Recommendation. The Court therefore adopts the Report and Recommendation. In accordance with the Report and Recommendation, the Court grants, in part, Respondents' motion to dismiss as to the requests of October 20 and 25, 2021. The Court finds that (1) the claims for production of records are moot, (2) Requesters have not shown by clear and convincing evidence that any additional

responsive records exist, with one exception as stated in the Report and Recommendation, (3) Respondents failed to produce several existing records responsive to the request for procedures on handling complaints against North Baltimore Police Department officers, and (4) Respondents violated R.C. 149.43(B)(1) by not producing the records within a reasonable period of time.  Because Requesters are aggrieved persons under R.C. 2743.75, Requesters are entitled to recover from Respondents the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by Requesters, but Requesters are not entitled to recover attorney fees.  *See* R.C. 2743.75(F)(3).  Court costs are assessed equally against Respondents. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


PATRICK E. SHEERAN
Judge

Filed August 17, 2022
Sent to S.C. Reporter 9/1/22