[Cite as *Deitz v. Shelby Cty. Prosecutor's Office*, 2025-Ohio-4332.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| PAUL LEONIDAS DEITZ | Case No. 2025-00339PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>JUDGMENT ENTRY</u> |
| SHELBY COUNTY PROSECUTOR OFFICE, et al. | |
| Respondents | |

{¶1} On August 11, 2025, Requester (Deitz) timely filed an objection to the Special Master's July 31, 2025 Report and Recommendation (R&R). Respondents did not timely file a response or objections. For the reasons that follow, the Court OVERRULES Deitz's objections and ADOPTS the R&R as its own.

**Background**

{¶2} Deitz requested several records from the Sidney-Shelby County Health Department and the Shelby County Prosecutor's Office (collectively Respondents). Respondents produced some records, withheld other records as exempt, and denied the existence of some records. Deitz filed this action seeking to compel production of records, a finding of unreasonable delay, damages, and other relief.

{¶3} After mediation and a filing schedule the Special Master recommended, in his R&R, that the Court: (1) order Respondent to produce unredacted copies of the records filed for in camera review; (2) find that Respondents unreasonably delayed their response to Deitz's November 9, 2024 records request; (3) order respondents to reimburse Deitz for his filing fee and costs; (4) assess court courts against Respondents; and (5) deny all other relief, including statutory damages.

**Objection**

{¶4} Dietz objects to the Special Master's recommended denial of statutory damages under R.C. 149.43(C)(2). Deitz contends that he has shown, by clear and convincing evidence, that Respondents deliberately and knowingly violated R.C. 149.43(C) and therefore, he should be awarded $1,000 to $9,000 in damages.

{¶5} R.C. 149.43(C)(1) provides two avenues by which a requester may commence legal action to enforce public records law. Under R.C. 149.43(C)(1)(a) a requester may "[f]ile a complaint with the clerk of the court of claims or the clerk of the court of common pleas under section 2743.75 of the Revised Code". R.C. 149.43(C)(1)(b) provides for the other avenue, filing a mandamus action, and specifically provides that statutory damages may be available under R.C. 149.43(C)(3). Deitz chose to file this action under R.C. 149.43(C)(1)(a) therefore, the remedies available to him in this Court are those outlined in R.C. 2743.75(F)(3). "Nothing in R.C. 2743.75(F)(3) permits or entitles a requester who successfully pursues a public-records-access action under R.C. 2743.75 to recover statutory damages." *Doe v. Ohio State Univ.*, 2024-Ohio-5897, ¶ 53 (10th Dist.). The Court finds that the Special Master did not err in finding that statutory damages are not available in this case. Therefore, the Court OVERRULES Deitz's only objection.

**Conclusion**

{¶6} For the reasons set forth above, the Court OVERRULES Deitz's objection and ADOPTS the Special Master's R&R. Therefore, the Court: (1) ORDERS that Respondents must produce unredacted copies of the records filed for in camera review; (2) finds the Respondents unreasonably delayed their response to Deitz's November 9, 2025, request; (3) ORDERS Respondents to reimburse Deitz for his filing fee and other

costs he incurred in connection with this case; and (4) DENIES all other relief.  The Court assesses costs against Respondents.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed August 26, 2025**
**Sent to S.C. Reporter 9/15/25**