[Cite as *Thompson v. Tiffin City Schools*, 2026-Ohio-916.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| AARON D. THOMPSON | Case No. 2025-00892PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| TIFFIN CITY SCHOOLS | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) deny as moot respondent's motion to dismiss, (2) order respondent to produce records as detailed in this report and recommendation, (3) order respondent to reimburse requester's filing fee, (4) order respondent to bear the remaining costs of this case, and (5) deny any other relief.

### I. Background

#### A. The public records requests

{¶2} This case concerns three public records requests made by Requester Aaron Thompson to the Tiffin City Schools. *Complaint, filed Oct. 24, 2025*, p. 1.

{¶3} <u>First Request.</u> On October 18, 2022, Requester's attorney, Gina Grandillo, submitted a public records request to the Schools. *Compl.*, p. 2, 4. The request asked for "all emails sent and received from Tiffany Thompson, from December 11, 2021 through December 19, 2021." *Compl.*, p. 4. The Schools provided the requested records to the attorney on November 18, 2022. *Compl.*, p. 2, 22, 73.

{¶4} On November 30, 2022, Requester submitted his own public records request for the same records. *Compl.*, p. 2, 74. On December 6, 2022, the Schools provided responsive records. *Compl.*, p. 2, 111. Redactions were made to "personally identifiable student information." *Compl.*, p. 111.

{¶5} After follow-up from the Requester, and in consultation with the Schools' legal counsel, the Schools provided another production of responsive records to Requester on

December 8, 2022. *Compl.*, p. 2, 113. This record production included a few additional emails that the Schools identified as responsive public records. *Id*. Redactions were again made to "[a]ll personally identifiable student (other than your children) information." *Id*.

{¶6} Second Request. On June 7, 2025, Requester submitted a second public records request to the Schools. *Compl.*, p. 2, 156-57. On June 30, 2025, the Schools responded to the second request with records. *Compl.*, p. 165. Redactions were made to "personally identifiable student information" and "[p]ersonal cell phone numbers." *Id*.

{¶7} After this response, Requester realized that he had misstated the timeframe for his request, asking for 2022 instead of 2021. *Compl.*, p. 2. On July 7, 2025, Requester modified his request to address the error. *Compl.*, p. 2, 192-193. This modified request asked for:

> All emails sent or received by Tiffany Thompson between 6:30 AM on December 13, 2021 and 12:00 AM on December 18, 2021, where the other party to the communication was: • Melissa Mellott • Ailey Thompson • Erin Lawrence • Anna Trausch • Trisha Eidt[.] Please include all message content, attachments, and metadata (e.g., sender/recipient fields and timestamps).

*Compl.*, p. 192-194.

{¶8} On July 10, 2025, the Schools provided a response to the modified request. *Compl.*, p. 2, 195-196. No records were provided. *Id*.

{¶9} Third Request. That same day, July 10, 2025, Requester submitted a third public records request. *Compl.*, p. 3, 198. This request asked for:

> 1. A copy of any public records request submitted by Gina Grandillo to Tiffin City Schools, including but not limited to email communications, forms, or written correspondence; 2. All communications sent to or received from Gina Grandillo by any employee of Tiffin City Schools in connection with her request, including internal emails referencing or discussing the request; 3. All documents, records, or materials provided to Ms. Grandillo in response to her request, including any attachments or responsive files from 11/1/22-11/30/22. 4. Any communications or notes from Tiffin City Schools staff or

legal counsel related to the review, redaction, or production of records responsive to Ms. Grandillo's request.

*Compl.*, p. 198.  Requester clarified that the "request likely occurred between October 1, 2022, and November 30, 2022." *Id*.

{¶10} On July 23, 2025, the Schools responded to the third request and provided records. *Compl.*, p. 201-204. After follow-up from Requester, the Schools provided additional responsive records on August 8, 2025. *Compl.*, p. 3, 209-210, 211-279.

### B.  Procedural history

{¶11} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Terminating Mediation*, *entered Dec. 30, 2025*.

## II.    Analysis

### A.  Respondent's motion to dismiss should be dismissed as moot.

{¶12} The Schools filed a motion to dismiss the complaint. *Resp. MTD, filed Jan. 23, 2026*. The motion essentially urges dismissal because the case is moot. Therefore, the Schools' motion should be considered a response to the complaint and denied as moot. *Hicks v. Village of Newtown*, 2018-Ohio-1540, ¶ 13 (Ct. of Cl.). The substance of the motion is addressed below as a response to the complaint.

### B.  Requester is entitled to relief on his first request.

{¶13} <u>Redaction/Withholding</u>. On December 8, 2022, Requester was provided with the final production of records responsive to his first request. Requester contests the Schools' redactions to these records and its withholding of other, responsive material.

{¶14} If records are withheld from release based on a public records exception, the public office must "prove facts clearly establishing the applicability of the exception." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 27. The public office "does not meet [its] burden if it has not proven that the requested records fall squarely within the exception" and courts "resolve any doubt in favor of disclosure." (Cleaned up.) *Id*. at ¶ 27. The public office must produce extrinsic evidence if the applicability of the exception is "not obviously apparent and manifest just from the content of the record itself." *Id*. at ¶ 35.

{¶15} I have reviewed the disputed records in camera. The exceptions claimed by the Schools are each addressed below. A summary of these findings can be found at Appendix A to this report and recommendation.

{¶16} *Student records.* The Schools redacted student information pursuant to R.C. 3319.321, Ohio's Student Privacy Act (OSPA), and FERPA, the federal Family Educational Rights and Privacy Act (20 U.S.C. § 1232g).

{¶17} FERPA prohibits federally funded educational institutions from releasing "education records" without proper consent. 20 U.S.C. §1232g(b). The Schools' most recent audit documents that the Schools receive federal funding. *Ohio Auditor of State, Tiffin City School District, Seneca County*, single Audit for the year ended June 30, 2024, (released Mar. 27, 2025).[1]  While the Schools did not introduce this evidence, I take judicial notice of that fact. *State ex rel. Pike Cty. Convention & Visitor's Bur. v. Pike Cty. Bd. of Comm'rs*, 2021-Ohio-4031, ¶ 3 n.2. The Schools must therefore comply with FERPA. *State ex rel. ESPN, Inc. v. Ohio State Univ.*, 2012-Ohio-2690, ¶ 25.

{¶18} "For purposes of FERPA, the term 'education records' means 'those records, files, documents, and other materials which—(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution.'" *State ex rel. ESPN, Inc.* at ¶ 27.

{¶19} The OSPA also prohibits the release of personally identifiable information about students without proper consent. R.C. 3319.321(B); *Trader v. Ontario Local School Dist.*, 2025-Ohio-2374, ¶ 16, adopted 2025-Ohio-2879 (Ct. of Cl.). While not defined for purposes of R.C. Chapter 3319, the term PII is generally understood to refer to "information that identifies a person." R.C. 5740.08(A)(2); *see also* R.C. 3901.04(A)(6); *Patton v. Solon City School Dist.*, 2017-Ohio-9415, ¶ 13, adopted Ct. of Cl. No. 2017-00570-PQ (Mar. 21, 2018) (applying PII definition contained in FERPA).

{¶20} I have reviewed all records withheld or redacted pursuant to these student privacy laws. In general, these records contain information directly related to students, such as pictures, assessment scheduling, and proficiency testing. Further, the Schools'

---

[1] Available at: https://ohioauditor.gov/AuditSearch/Reports/2025/Tiffin_City_School_District_24_Seneca_FINAL.pdf (last accessed Feb. 24, 2026).

maintenance of these records is evidenced by the fact that the Schools were able to retrieve and provide them. The Schools have therefore carried its burden of proving that most of these records are covered by FERPA and OSPA. *Welsh-Huggins* at ¶ 35; *Trader* at ¶ 14-17.

{¶21} However, several records were not appropriately redacted under these exceptions. Records marked TT_000269 through TT_000271 should have been redacted and provided to Requester, consistent with similar records provided to Requester at TT_000037 and TT_000063. In addition, there was no exception claimed for documents TT_000235 and TT_000266 in the Schools' index of redactions. It is clear from the face of the records, however, that this redaction and withholding were correctly made pursuant to these same student privacy exceptions.

{¶22} *Medical records.* Medical records are not public records. R.C. 149.43(A)(1)(a). For purposes of the Public Records Act, a medical record is "any document or combination of documents . . . that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment." R.C. 149.43(A)(3). "To be excepted from disclosure, medical records must meet the conjunctive requirements of the statute." (Cleaned up.) *State ex rel. Baker v. Treglia*, 2025-Ohio-2816, ¶ 26.

{¶23} The Schools incorrectly withheld records under this exception. All three records withheld under this exception do not meet the definition of a medical record because they were not generated or maintained for medical treatment. I therefore recommend that these records be provided to Requester.

{¶24} *Security record.* Certain security-related records are not subject to public release. R.C. 149.433. A public office invoking this exception must "explain[] how the content of [the record] contains information directly used for protecting or maintaining the security of a public office against attack, interference, or sabotage." *Welsh-Huggins*, 2020-Ohio-5371, ¶ 47, 55; *accord, Deitz v. Shelby Cty. Pros. Office*, 2025-Ohio-2881, ¶ 11-17, adopted 2025-Ohio-4332 (Ct. of Cl.).

{¶25} The Schools incorrectly withheld a record under this exception. The Schools submitted no evidence to demonstrate the applicability of this exception. Further, its

"direct use" for maintaining security is not evidence from the face of the record. I therefore recommend that this record be provided to the Requester.

{¶26} *Non-record.* A R.C. 2743.75 "complainant's 'burden of production' is to . . . prove facts showing that the requester sought an identifiable public record[.]" *Welsh-Huggins*, at ¶ 33. A "public record" is first a "record." R.C. 149.43(A)(1) (defining "public record"); R.C. 149.011(G) (defining "record"). A requester must prove that requested materials are records to compel their production as public records. *State ex rel. Dispatch Printing Co. v. Johnson*, 2005-Ohio-4384, ¶ 19, 22, 44*; see also State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 2012-Ohio-115, ¶ 23.

{¶27} To establish that the withheld material are records under R.C. 149.011(G), Requester must show by clear and convincing evidence that they are "(1) documents, devices, or items, (2) created or received by or coming under the jurisdiction of the [public office], (3) which serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." *Hicks v. Union Twp. Clermont Cty. Bd. of Trustees*, 2024-Ohio-5449, ¶ 15.

{¶28} As an initial matter, all material withheld or redacted by the Schools as a non-record meet the first two characteristics of a record. All the withheld or redacted material are emails. Emails are "documents, devices, or items" as defined in R.C. 149.011(G). *State ex rel. Glasgow v. Jones*, 2008-Ohio-4788, ¶ 21; *accord, Graham v. Lake Cty. Dept. of Job & Family Servs.*, 2023-Ohio-1959, ¶ 24, adopted 2023-Ohio-2321 (Ct. of Cl.). The emails also meet the second characteristic—they were all written by or between Schools employees during operating hours. *Graham* at ¶ 25.

{¶29} The bulk of the withheld records do *not* meet the third characteristic of a record: documenting the "activities" of the public office. These emails generally document communication between a parent and child, holiday well-wishes, and volunteer activity. These subjects are not fairly characterized as official activities of the Schools. Requester has not carried his burden to prove that these emails are records.

{¶30} Several of the withheld emails do appear to document the Schools' official activities, however. TT_000254 documents a holiday greeting to staff from a school

principal. TT_000259 documents an employee leave request and its acknowledgement.[2] These emails do meet the definition of a record and are, therefore, public record. I recommend that these records be provided to Requester.

{¶31} Requester's primary arguments concern redactions made to TT_000070. Requester argues that this email dealt with official duties of School employees, rather than personal matters. *Req. Ev., filed Jan. 8, 2026*, p. 4 (noting "student welfare concerns and potential mandated report considerations"). The email was written between two School employees about the children of one employee. The children also attended the Schools. The email concerned events that happened outside of the Schools. The Schools, however, introduce evidence that the email was written between the two School employees as personal friends, rather than colleagues. *Resp. Ev., filed Jan. 13, 2026*, p. TT_000404.[3] This is a plausible position from the face of the email. The parent of the children writes to a friend, a school counselor, for advice regarding family events. The friend notes that she has heard about the events in an official capacity and asks if the children need any further School support. The personal components of the emails are redacted, while the offer of School support was provided. Requester has not demonstrated, by clear and convincing evidence, that the redactions made to this email were to records as defined by R.C. 149.011(G).

{¶32} I note that the second page of this email chain was not provided to Requester. That page is found in two places: TT_000233 and TT_000252. While that page simply contains signature blocks, these signature blocks align with unredacted material in TT_000070 and should have been provided to Requester.

{¶33} Finally, the Schools have filed volumes of responsive material on the public docket at TT_000414 through TT_004537. *Resp. Ev., filed Jan. 13, 2026*. Providing requested records generally renders a public records claim moot. *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during litigation. *State ex rel. Striker v.*

---

[2] I note that the substance of this email is generally duplicative of TT_000002, which was originally provided to Requester.

[3] Because the Schools submitted many filings on this date, I attach this evidence at Appendix B to this report and recommendation for the reader's convenience.

*Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22. Any claim to production of these records has been mooted by their filing on the docket. In addition, I have briefly reviewed the content of these records and note that they do not document the activities of the Schools. This material generally consists of promotional material from retailers and newsletters unrelated to the Schools.

{¶34} *Summary*. I recommend that the following records be provided to Requester: TT_000233, _000252, _000254, _000256, _000259 through _000261, _000264 through _000265, and _000275. I recommend the following records be redacted and provided to Requester: TT_000269 through _000271. Respondent violated R.C. 149.43(B) by withholding these records. A summary of these findings is attached at Appendix A to this report and recommendation.

{¶35} <u>Production.</u> Requester makes two arguments to suggest that he has not received a complete production of records responsive to his first request. To compel further production of public records through Revised Code 2743.75, a requester must prove by clear and convincing evidence "that the requested records exist and are maintained by the public office." *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13.

{¶36} Requester first argues that his attorney was not provided with "useable" records in response to her request. *Compl.*, p. 2, 284. This is not supported by the attachments to Requester's complaint. From those records, it appears that the Schools provided the attorney with a flash drive of records. *Compl.*, p. 14. When the attorney could not access the flash drive, the Schools provided the records via a Google Drive link. *Compl.*, p. 22. There is no further indication that the attorney was unable to access the responsive records.

{¶37} Requester next points to an email sent by the Schools to his attorney in December 2022. *Compl.*, p. 282-83. In that email, the Schools request that the attorney "only share with [Requester] what I shared with him" because Requester is "not legally entitled to the rest of the file." *Id.*, p. 283. Requester argues that "[t]his constitutes intentional obstruction of access to public records." *Id.*, p. 284; *see also Req. Ev.*, p. 4.

{¶38} I disagree. First, the context of this message is not clear. An unspecified legal proceeding involving Requester's children was ongoing at that time. *Compl.*, p. 24.

Requester was represented by counsel and seeking information regarding his children, who attended the Schools. *See Compl.*, p. 2; *Req. Ev.*, p. 13. While Requester's attorney made a public records request (*Compl.*, p. 4), records could have been provided to her under a different legal obligation related to the ongoing proceedings. Second, assuming the Schools' email was indeed referring to a public records response, the Schools clearly believed it had mistakenly provided material that it should have withheld. Waiver of a public records exception must be made voluntarily. *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 22. This appears to be an attempt to "claw back" an inadvertent disclosure of records. In any event, there is not sufficient evidence to indicate that the Schools unlawfully withheld responsive public records from Requester. Requester has failed to meet his burden on this point.

{¶39} Therefore, I recommend that the Court find Requester is not entitled to further production of records on his first request.

## C.  Requester is not entitled to relief on his second request.

{¶40} The operative second request is the one made by Requester on July 7, 2025. *Compl.*, p. 2, 192-193. That request explicitly modified the request made on June 7, 2025, and therefore replaced it. *State ex rel. Castellon v. Cuyahoga Cty. Prosecutor's Office*, 2025-Ohio-2787, ¶ 15.[4]

{¶41} <u>Production.</u> Requester is not entitled to any further production regarding this request. The Schools notified Requester where no responsive records were found. *Compl.*, p. 195-96. Requester has not plead or proven facts to disprove this assertion. *Culgan*, 2024-Ohio-4715, ¶ 13.

{¶42} <u>Redaction/Withholding.</u> Requester has challenged the Schools' position that responsive material was redacted or withheld because it is not a public record. As discussed above, Requester must first demonstrate that the challenged material is a "record." Requester has not done so. On review of the withheld material, the withheld material does not document the activities of the Schools as a public office. Documents

---

[4] The Schools have filed volumes of material related to the second request on the public docket at TT_004538 through TT_008192. *Resp. Ev., filed Jan. 13, 2026*. This material is not responsive to Requester's corrected second request because it was generated in 2022, not 2021. I have therefore not reviewed or considered it in this report and recommendation.

TT_000250 and TT_000272 are emails between a child and their parent. While the parent happens to be a Schools employee, the messages do not convey any information about the parent's responsibilities for the Schools. Documents TT_000251 through _000252 is the contested parent/counselor email chain. At the time of the second request, Requester had already received this document through his first request. *See Compl.*, p. 206-207. Requester is not entitled to a duplicate production of this document. *State ex rel. Teagarden v. Igwe*, 2024-Ohio-5772, ¶ 24; *State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.*, 2024-Ohio-5154, ¶ 15.

{¶43} Requester also points out that a redacted version of the contested parent/counselor email was provided in December 2022, but the email was withheld entirely in July 2025. *Compl.*, p. 284. Requester argues that this inconsistency is evidence of "bad faith" and, presumably, a violation of the Public Records Act. *Id*. I disagree. In general, if a public office waives an exception to the Public Records Act, it cannot assert that exception, for that public record, in response to future requests. *State ex rel. Curtis v. Turner*, 2024-Ohio-2682, ¶ 18 ("[V]oluntary disclosure of an otherwise exempt document waives any right to claim an exception under the Public Records Act."). That is not the case here. Here, the Schools identified responsive material that did not meet the threshold criteria of a record. The Schools were therefore under no legal obligation to produce that material.

{¶44} I therefore recommend that the Court find Requester is not entitled to relief on his second request.

### D. Requester is not entitled to relief on his third request.

{¶45} <u>Production</u>. Requester is not entitled to any further production regarding this request. As stated in his complaint, Requester made this third request on July 10, 2025, generally seeking records and correspondence about the first request made by his attorney. *Compl.*, p. 3, 198. On July 23, 2025, the Schools responded with a spreadsheet that summarized the responsive emails exchanged about the request. *Compl.*, p. 201-204. Requester clarified that he wanted to receive copies of the communications, not the summary spreadsheet. *Compl.*, p. 205-206. The Schools provided those copies on August 8, 2025. *Compl.*, p. 209-279.

{¶46} Requester does not present any further argument or evidence that additional responsive records have been withheld. *Culgan,* 2024-Ohio-4715, ¶ 13. Requester only states that he followed up in meetings and emails with the Schools' Superintendent. *Compl.*, p. 3, 284. In those emails, Requester states that for his "July 10 request PRR concerning Gina Grandillo" he "was provided a chart with incomplete records." *Compl.*, p. 280. By the date of this email, however, Requester had been provided with the copies of the communications he had requested. *Compl.*, p. 209-279.

{¶47} <u>Redaction/Withholding</u>. The only redactions applied to these emails were to the pages already discussed above. *See Compl.*, p. 209-279. These redactions were made when the records were originally provided to Requester's attorney, and not in response to Requester's third request.

{¶48} I therefore recommend that the Court find Requester is not entitled to relief on his third request.

### E. Requester not entitled to relief on his delay claim.

{¶49} Requester generally argues that the Schools did not respond to his public records requests in a reasonable time. *Compl.*, p. 285. The only specific allegation Requester makes in this regard is to point out that the response to his June 7, 2025, request took 23 days to complete. *Compl.*, p. 284. This request, however, was superseded by the July 7, 2025, request as noted above (the second request). The requester bears the burden of demonstrating that a public office's response was unreasonably delayed. *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 11-12.; *accord Diebert v. Lafferty*, 2022-Ohio-2919, ¶ 28, adopted 2022-Ohio-3052 (Ct. of Cl.). Requester has not met that burden here. I therefore recommend that Requester is not entitled to relief on this claim.

### F. Costs.

{¶50} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I find that the Schools incorrectly withheld records in response to the first request, I recommend that the court order the Schools to reimburse Requester's filing fee and bear the remaining costs of this case.

### III. Conclusion

Based on the above considerations, I recommend that the court:

1) Deny as moot respondent's motion to dismiss;

2) Order respondent to produce records as detailed in this report and recommendation and attached Appendix A;

3) Order respondent to reimburse requester's filing fee;

4) Order respondent to bear the remaining costs of this case; and

5) Deny any other relief.

{¶51} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

SARAH PIERCE
Special Master

**Filed February 24, 2026**
**Sent to S.C. Reporter 3/19/26**

APPENDIX A

First Request Summary Table

| Pages Provided to Requester | Pages Withheld or Redacted | Exception Claimed by Respondent | Special Master Recommendation |
|---|---|---|---|
| TT_000001-TT_000020 | | | |
| TT_000021-TT_000022 | TT_000227-TT_000228 | Student record | |
| TT_000023-TT_000024 | | | |
| TT_000025 | TT_000229-TT_000229 | Student record | |
| TT_000026-TT_000029 | | | |
| TT_000030-TT_000031 | TT_000230-TT_000231 | Student record | |
| TT_000032 | TT_000235-TT_000235 | None claimed | |
| TT_000033-TT_000033 | | | |
| TT_000034 | TT_000236-TT_000236 | Student record | |
| TT_000035-TT_000036 | TT_000237-TT_000238 | Student record | |
| TT_000037 | TT_000234-TT_000234 | Student record | |
| TT_000038-TT_000069 | | | |
| TT_000070 | TT_000232-TT_000233 | Non-record | TT_000233 should be provided (duplicate of TT_000252) |
| TT_000071-TT_000076 | | | |
| TT_0000131-TT_000166 (duplicate of TT_000002-TT_000076) | | | |
| | TT_000250-TT_000250 | Non-record | |
| | TT_000251-TT_000252 | Non-record | TT_000252 should be provided (duplicate of TT_000233) |
| | TT_000253-TT_000253 | Non-record | |
| | TT_000254-TT_000254 | Non-record | Provide |
| | TT_000255-TT_000255 | Non-record | |

| | | | |
|---|---|---|---|
| | TT_000256-TT_000256 | Security record | Provide |
| | TT_000257-TT_000257 | Non-record | |
| | TT_000258-TT_000258 | Non-record | |
| | TT_000259-TT_000259 | Non-record | Provide |
| | TT_000260-TT_000260 | Medical record | Provide |
| | TT_000261-TT_000261 | Medical record | Provide |
| | TT_000262-TT_000263 | Non-record | |
| | TT_000264-TT_000265 | Out of request date range | Provide (in date range, no exception on face) |
| | TT_000266-TT_000266 | None claimed | Student record, withhold |
| | TT_000267-TT_000267 | Student record | |
| | TT_000268-TT_000268 | Student record | |
| | TT_000269-TT_000269 | Student record | Redact and provide, equivalent to TT_000037 |
| | TT_000270-TT_000270 | Student record | Redact and provide, equivalent to TT_000037 |
| | TT_000271-TT_000271 | Student record | Redact and provide, equivalent to TT_000063 |
| | TT_000272-TT_000272 | Non-record | |
| | TT_000273-TT_000273 | Non-record | |
| | TT_000274-TT_000274 | Non-record | |
| | TT_000275-TT_000275 | Medical records | Provide |

Second Request Summary Table

| Pages Provided to Requester | Pages Withheld or Redacted | Exception Claimed by Respondent | Special Master Recommendation |
|---|---|---|---|
| | TT_000250-TT_000250 | Non-record | |
| | TT_000251-TT_000252 | Non-record | Provided in response to first request |
| | TT_000272-TT_000272 (duplicate of TT_000250) | Non-record | |
| TT_004538-TT_008192 | | | Produced on the Court's public docket. Not responsive to operative second request. |
| TT_000406-TT_000417 | | | Produced on the Court's public docket. Not responsive to operative second request. |

## APPENDIX B

IN THE COURT OF CLAIMS OF OHIO

AARON D. THOMPSON,

Requester,

v.                                        CASE NO. 2025-00892PQ

TIFFIN CITY SCHOOLS,

Respondent.

### ANY OTHER EVIDENCE

Enclosed is Requester Tiffin City Schools Any Other Evidence respectfully submitted pursuant to Special Master Sarah Pierce's ORDER TERMINATING MEDIATION Section B(3). Due to the 52.43 MB maximum file size restriction of eFile Ohio, the Any Other Evidence submission will be in thirty-nine separate filings.

Respectfully submitted,

/s/ Samuel G. Edwards
Dane A. Goschen (0063439)
Samuel G. Edwards (0108037)
Bricker Graydon Wyatt LLP
100 South Third Street
Columbus, Ohio 43215
Phone: (614) 227-2300
Fax: (614) 227-2390
Email: dgoschen@bricker.com
Email: sedwards@bricker.com
Counsel for Respondent

### CERTIFICATE OF SERVICE

The undersigned hereby represents that a true and accurate copy of this Any Other Evidence was served on Requester Aaron D. Thompson, by emailing him at the email address of thompson8115@yahoo.com, on the 13th day of January, 2026.

/s/ Samuel G. Edwards
Samuel G. Edwards

---

IN THE COURT OF CLAIMS OF OHIO

AARON D. THOMPSON,

Requester,

v.                                        CASE NO. 2025-00892PQ

TIFFIN CITY SCHOOLS,

Respondent.

### AFFIDAVIT OF TIFFANY THOMPSON

STATE OF OHIO      )
                   ) SS:
COUNTY OF SENECA   )

Tiffany Thompson, being first duly sworn, deposes and says as follows:

1. I am a Tiffin City Schools employee and teach at Tiffin Middle School. I was employed by Tiffin City Schools in December of 2021. I have personal knowledge of the facts contained in this Affidavit, am over the age of 18, and am competent to testify.

2. As an employee of Tiffin City Schools with a Tiffin City Schools email address, I have, at times, used my work email for purely personal uses.

3. On December 13, 2021, at 4:22 p.m., I emailed Melissa Melott, a Tiffin City Schools colleague I consider a friend, for purely personal purposes outside the scope of my duties as a teacher and employee for Tiffin City Schools. My email to Ms. Melott was not related to my professional duties for the School District.

Further affiant sayeth naught.

Tiffany Thompson

Sworn to before me and subscribed in to my presence this 13th day of January, 2026.

TAMMY J. HARMER
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires

NOTARY PUBLIC
My Commission expires on 6/9/20AB